JS-A
(Rev. 07/89)

# CIVIL COVER SHEET

*Receipt 1141901*

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**United States District Court**
**Southern District of Texas**
**FILED**

**SEP 11 2000**

**Michael N. Milby**
**Clerk of Court**

## I (a) PLAINTIFFS
Noel Espinoza

## DEFENDANTS
**B-00-142**

Coca Cola Enterprises, Inc., Continental Casualty Company and Constitution State Service Company

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Cameron
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Miguel A. Saldana
Carinhas & Saldana LLP
302 Kings Highway, Ste. 109
Brownsville, Tx 78521
(956) 542-9161  Fax: 542-6351

ATTORNEYS (IF KNOWN) Raymond A. Cowley & Ter
Danish, Rodriguez, Colvin & Chaney,
4900 N. 10th A2, Mcallen, Tx 78504,
(956) 686-1287 and John Bode, Miller
Martin, 832 Georgia Ave., Ste. 1000,
(423) 756-6600 and David Kitner,
Strasburger, Price, 901 Main St., Ste.
4300, Dallas, Texas 75202, (214) 651-4300

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

The Plaintiff has brought a civil action alleging claims under, inter alia, the Family & Medical Leave Act, 29 U.S.C. Section 2601, et seq., a federal statute.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
None
JUDGE _____
DOCKET NUMBER _____

DATE September 11, 2000
SIGNATURE OF ATTORNEY OF RECORD

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 1 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NOEL ESPINOZA, | § | |
| Plaintiff, | § | |
| | § | **B ≈ 00 - 142** |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| COCA COLA ENTERPRISES, INC., | § | |
| CONTINENTAL CASUALTY | § | |
| COMPANY and CONSTITUTION | § | |
| STATE SERVICE COMPANY, | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that COLA-COLA ENTERPRISES, INC., Defendant,
removes this action from the 357th Judicial District Court of Cameron County, Texas to the
United States District Court for the Southern District of Texas, Brownsville Division. In support
of this removal, Defendant represents the following:

1.      Defendants in this action are Cola-Cola Enterprises, Inc., Continental Casualty
Company and Constitution State Service Company.

2.      This is a civil action originally styled C-2000-08-003210-E and filed in the 357th
Judicial District Court for Cameron County, Texas, a court encompassed by the Brownsville
Division of the Southern District of Texas.

3.      In compliance with 28 U.S.C. §1446(a), copies of all process, pleadings and
orders served in the state-court action are attached, together with an index of state court
pleadings and a list of all counsel of record.

4.      This Notice of Removal is filed within thirty days of receipt of the initial pleading
served by the Plaintiff on the first defendant to be served. Removal is therefore timely under 28
U.S.C. §1446(b).

5.     Defendant represents that it shall give written notice of this Removal to all parties, through their counsel, and shall file notice of the Notice of Removal with the Clerk of the District Court for Cameron County, Texas, consistent with the provisions of 28 U.S.C. §1446(d).

6.     There is federal jurisdiction presented, on the basis that the Plaintiff brings his lawsuit pursuant to, among other things, the Family and Medical Leave Act, 29 U.S.C. (FMLA), 29 U.S.C. §2601, et seq.  Removal therefore is proper pursuant to 28 U.S.C. §§1331 and 1441(b) and 29 U.S.C. §2617.

WHEREFORE, the Defendant prays that this action be removed to this Court and that this Court accept jurisdiction and henceforth place this action on the Court's docket for further proceedings.

Respectfully submitted,

Raymond A. Cowley
State Bar I.D. No. 04932400
Federal I.D. No. 8642

Teri L. Danish
State Bar I.D. No.  05375320
Federal I.D. No. 12862

4900 A-2 N. 10th St.
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax : (956) 686-6197

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY LLP**

John R. Bode
(pro hac vice application pending)
Suite 1000, Volunteer Building
832 Georgia Avenue
Chattanooga, TN  37402
Telephone:  (423) 756-6600
Telefax:    (423) 785-8480

ATTORNEYS FOR DEFENDANT
COCA-COLA ENTERPRISES, INC.

OF COUNSEL:

**MILLER & MARTIN LLP**

## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing

document has been forwarded by certified mail, return receipt requested, to the following

counsel of record, on the __17th__ day of __September__, 2000.

Miguel A. Saldaña, Esq.
Corporate Plaza, Suite 109
302 Kings Highway
Brownsville, TX  78521

Mr. David N. Kitner
Strasburger & Price, LLP
901 Main Street, Ste. 4300
Dallas, Texas 75202

Raymond A. Cowley

CAUSE NO. 2000-08-003210-E

| | | |
|---|---|---|
| NOEL ESPINOZA | § | IN THE 357TH JUDICIAL |
| | § | |
| | § | |
| | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| COCA COLA ENTERPRISES, INC., | § | |
| CONTINENTAL CASUALTY | § | |
| COMPANY AND CONSTITUTION | § | |
| STATE SERVICE COMPANY | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, *NOEL ESPINOZA,* complains of *COCA COLA ENTERPRISES, INC., CONTINENTAL CASUALTY COMPANY AND CONSTITUTION STATE SERVICE COMPANY,* and in support thereof shows:

I.

### DISCOVERY LEVEL

Pursuant Tex.R.Civ.P. 190.1, discovery is intended to be conducted under Level 2, Tex. R.Civ.P. 190.3.

II.

### JURY REQUEST

Pursuant to Rule 216, Texas Rules of Civil Procedure, Plaintiff hereby demands a **TRIAL BY JURY.** For cause of action Plaintiff would respectfully show this Honorable Court the following facts and circumstances:

III.

### STATEMENT OF CASE

This case involves Plaintiff's separation from employment while he was injured and receiving worker's compensation benefits pursuant §451.001 of the Texas Labor

Code. Plaintiff also states a cause of action against his former employer for violations of the Family Medical Leave Act, (FMLA). Plaintiff states a cause of action against the worker's compensation carrier and adjuster company for fraud and negligence. Additionally, Plaintiff brings a cause of action against the worker's compensation carrier for breach of the duty of good faith and fair dealing.

**IV.**

**PARTIES**

Noel Espinoza is an individual and resides in Cameron County, Texas. Coca Cola Enterprises, Inc. is a corporation duly licensed and incorporated in the State of Delaware and doing business in Texas while maintaining a principal office in Cameron County, Texas. Coca Cola Enterprises, Inc. may be served by servings its registered agent, Corporation Service Company, 800 Brazos, Austin, Texas 75701. Continental Casualty Company is a corporation duly licensed and incorporated in the State of Illinois and doing business in the State of Texas and may be served by serving its registered agent, C.T. Corporation. 350 N. St. Paul Street, Dallas, Texas 75201. Constitution State Service Company is a corporation duly licensed and incorporated in the State of Montana and may be served by serving its registered agent, C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

**V.**

**JURISDICTION AND VENUE**

The State District court is a court of general jurisdiction and has personal jurisdiction of all the parties by virtue of their residence or by the fact that the parties do business in Texas on a regular, continuing basis. The State District Court has subject matter jurisdiction at common law and by statute including §451.003 of the Texas Labor Code and 29 USC §2617(a)(2). Venue is proper in this Court pursuant §15.002(a)(1) of the Texas Civil Practice and Remedies Code because all the events or omissions including, but not limited to, Plaintiff's place of hiring, Plaintiff's area where he discharged his duties, place of Plaintiff's injury, place where Plaintiff obtained and received medical services, and place of separation all occurred in Cameron County.

Additionally, venue is proper in Cameron County pursuant §15.002 (a)(3) and (4) of the Tex.Civ.Prac. & Rem.Code because Defendant Coca Cola maintains a principal office in Cameron County and because Plaintiff is a resident of Cameron County.

VI.

**FACTS**

A.     Plaintiff, Noel Espinoza, hereinafter, Espinoza, began work for Valley Coca Cola Enterprises, Inc., hereinafter Coca Cola on July 9, 1984.  Espinoza was a loyal, honest, and diligent employee for many years.  By April of 1999, Espinoza was in the position of special events lead man working full time at an hourly rate of $9.07 per hour, plus overtime.  Espinoza also enjoyed a full benefit package including health insurance.  On April 10, 1999, Espinoza injured his back in the course and scope of his employment.  He reported the injury and eventually was seen by Dr. Eduardo Atkinson, the company doctor.  Atkinson diagnosed a back sprain and sends Espinoza back to work.  Espinoza attempts to work the next three or four days but the pain becomes unbearable.  Espinoza returns to Atkinson who takes him off work and refers him to Dr. Madhavan Pisharodi.

B.     Espinoza continues off work and is treated conservatively by Dr. Pisharodi.   During this time, Espinoza receives worker's compensation indemnity benefits from Defendant Continental Casualty Company, hereinafter, Continental.  Espinoza's claim is sent to Constitution State Service Company, hereinafter, Constitution, for monitoring and adjustment.

C.     On or about September 7, 1999, after failure of the conservative treatment, several diagnostic tests are conducted.  Dr. Pisharodi diagnoses a L4-5 disk tear with nerve root compression and recommends surgery to Espinoza.    Espinoza informs the  company doctor, Atkinson, about Pisharodis' recommendation.  Atkinson then refers Espinoza to Dr. Humberto Tijerina for another opinion.  On September 27, 1999, Dr. Tijerina concurs with Dr. Pisharodi in his diagnoses and recommends the surgery. Espinoza returns to Dr. Pisharodi and is informed that although recommended

by the company doctor, Tijerina's opinion is insufficient as far as Continental and Constitution were concerned. Espinoza is instructed by Dr. Pisharodi's office that he must select another doctor from the carrier's approved list. Espinoza chooses Dr. Helson Pacheco who also informs Espinoza that he too concurs with Dr. Pisharodi and Dr. Tijerina's opinion and recommends surgery.

D. Constitution again delays the thrice approved surgery and informs Espinoza that he needs to see yet another doctor, Dr. Ruben Pechero. Espinoza then is scheduled with Dr. Pechero for November 11, 1999. Plaintiff is informed that Dr. Pechero is ill and is eventually rescheduled for November 30, 1999. Dr. Pechero, the fourth medical doctor and the one specifically chosen by Constitution announces to Plaintiff that he does not need surgery but should continue conservative treatment.

E. Espinoza appeals the decision of Dr. Pechero to the Worker's Compensation Commission in early December of 1999. Espinoza is unable to communicate with the Commission either in December or January of 2000. After finally contacting a representative of the Commission on February 8, 2000, Plaintiff is informed that it was the Commission's position that he had failed to keep the November 11, 1999 appointment with Dr. Pechero and that they did not received any report from Constitution or Dr. Pechero's office in order to make a decision on the surgery.

F. On February 9, 2000, a representative of the Commission sends out a letter approving Espinoza's surgery. Dr. Pisharodi's office contacts Constitution to determine if Constitution is going to further appeal the Commission's initial ruling. On February 14, 2000, Constitution announces that it will not appeal and approves the surgery. Plaintiff is finally operated on March 2, 2000.

G. Espinoza is informed he will need from sixty to ninety days to recuperate from the surgery before returning to work. Espinoza, however, receives a discharge letter from Coca Cola dated April 28, 2000 indicating that he was let go because he was absent from his job for one year, allegedly in violation of Coca Cola

policy. Plaintiff never conferred with the human resources department of Coca Cola or was he ever informed if he was eligible for extended Family Medical Leave Act time off. Defendant Coca Cola monitored Espinoza's claim at all times and was aware of the utilization of all of Espinoza's available sick and vacation leave..

VII.

### TEXAS LABOR CODE §451.01

Plaintiff Espinoza states a cause of action against Defendant Coca Cola for retaliation pursuant §451.01 of the Texas Labor Code. Espinoza states that he was fired from his employment because he filed a claim for worker's compensation in good faith. Espinoza states that there was not in place a non-discriminatory policy discharging employees after one year of absence. Espinoza states that even if such policy was in place it was not uniformly applied to all employees. Espinoza further states that Coca Cola knew that the five month delay and Espinoza's problems in having to obtain four medical opinions, was not his fault but still insisted on not informing him of any additional leave. Coca Cola never attempted to accommodate Espinoza or explain to him his rights due to the unreasonable delay by third parties. At all times relevant Coca Cola knew the status of Espinoza's claim and never informed him of Coca-Cola's alleged policy or of the adverse repercussions to his long time employment. In essence Coca-Cola stealthily waited while Espinoza was being bandied about by Defendant's Continental and Constitution and sprung the discharge trap when it felt it could rid itself of an injured worker

VIII.

### FAMILY MEDICAL LEAVE ACT (FMLA)
### 29 USC§2601et.seq.

A.    Espinoza is an eligible employee pursuant the FMLA. Defendant Coca Cola is an employer engaged in commerce and/or industry or actively affecting commerce. Coca Cola has over fifty employees working within 75 miles of Espinoza's worksite.

B.    Coca Cola unlawfully interfered with, restrained, or denied the exercise of or the attempt to exercise by Espinoza his rights under the FMLA.  Coca Cola did so by failing to adequately notify Espinoza of the impact of Coca Cola's family leave policies on rights provided by the FMLA where there existed an apparent conflict between Coca Cola's policy and Espinoza's FMLA rights.  Such conduct by Coca Cola caused Espinoza to unwittingly forfeit the protections offered him by the FMLA.

C.    Espinoza's medical condition was a serious health condition that involved continuing treatment by a health care provider and required surgery and in-patient care in a hospital.

### IX.
### AGENCY RELATIONSHIP-CONTINENTAL CASUALTY
### COMPANY-CONSTITUTION STATE SERVICE COMPANY

A.    At all times relevant, Defendant Constitution was the agent of Defendant Continental serving as the adjuster for Continental.  Constitution was acting within the authority expressly conferred upon it by Continental, or alternatively, within the authority necessarily implied in order for Constitution to perform and exercise the authority expressly granted.  In the further alternative, Espinoza will show that Continental is estopped to deny Constitution's authority due to Continental's conduct which led Espinoza to suppose that Constitution had the authority to act on Continental's behalf as alleged.

B.    Further, in the alternative, Continental has in all things ratified the exercise of authority by Constitution by providing, denying, or delaying Espinoza's benefits as dictated by Constitution.

C.    Further, in the alternative, Constitution was the vice-principal of Continental in that Constitution was engaged in the non-delegable duties of Continental and Continental had confided the entire aspect of adjusting claims to Constitution.

### X.
### GOOD FAITH AND FAIR DEALING

Defendant Continental at all times relevant owed the non-delegable duty of good faith and fair dealing to Espinoza as third party beneficiary of Coca Cola's worker's compensation policy.   Defendant, Continental, acting through its agent, Constitution, breached that duty by unreasonably requiring four independent opinions and never approving the surgery required by Espinoza until an adverse Commission ruling.  The unreasonable requests and resultant delay was the direct and proximate cause of Espinoza's damages as set out below.  There was no reasonable basis for the request for a fourth opinion and the five month delay which followed.  Continental's conduct was the direct and proximate cause of Plaintiff's damages set out below.

## XI.
## NEGLIGENCE

Defendant Continental and its agent, Constitution, owed Espinoza the duty to handle and adjust his claim in a reasonable and prudent manner.  Continental and Constitution breached that duty by requiring four opinions before being ordered by the Commission to approve the surgery.  Not one of the doctors was independently chosen by Espinoza.  The first doctor, Dr. Pisharodi, was selected by Coca Cola's company doctor, Dr. Atkinson, as was. Dr. Tijerina.  Dr. Pacheco was picked from a list provided by Constitution.   Dr. Pechero was specifically chosen by Constitution. Additionally, Continental and Constitution were negligent in failing to provide the Commission with Dr. Pechero's report in a reasonable and timely manner.  Continental and Constitution's negligent conduct in requiring a fourth opinion and the failure to send Dr. Pechero's report resulted in a five month delay in Espinoza's medical treatment and return to work.  Said negligent conduct was the direct and proximate cause of Espinoza's damages set out below.

## XII.
## FRAUD

Espinoza states a cause of action for fraud against Defendants Continental and Constitution.   Continental and Constitution made a material representation to Espinoza that a fourth opinion was necessary before approving the

required surgery. This representation was false. Defendants knew that this was false and made the assertion of the necessity of a fourth opinion as a positive assertion. Defendants made the representation with the intent that it should be acted upon by Espinoza and which he did act upon by waiting for an additional five months, all to his damages as set out below.

## XIII.
## DAMAGES

**A.** As a direct and proximate cause of Defendant Coca Cola's actions, Espinoza suffered the following damages:

1) lost wages and fringe benefits;

2) diminished earning capacity;

3) front pay; and

4) mental anguish in the past and in all reasonable probability in the future all in excess of the minimum jurisdictional amounts of the Court.

**B.** As a direct and proximate cause of Defendant Continental's and Constitution's action, Espinoza suffered the following damages:

1) lost wages and fringe benefits;

2) diminished earning capacity;

3) front pay;

4) mental anguish in the past and in all reasonable probability in the future;

5) physical pain and suffering in the past and in all reasonable probability in the future;

6) impairment in the past and in all reasonable probability in the future all in excess of the minimum jurisdictional amounts of the court.

## XIV.
## PUNITIVE DAMAGES

Defendants Coca Cola's, Continental's and Constitution's actions were such that they constituted actual fraud and malice against Espinoza for which he seeks punitive damages in excess of the minimum jurisdictions amounts of the Court.

## XV.
## ATTORNEY'S FEES AND COSTS

Espinoza seeks reasonable and necessary attorney's fees and costs of suit against Coca Cola for violation of the FMLA.

## XVI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Espinoza prays that Defendants be served, made to answer, and upon trial of the merits he recover:

1) Actual damages as set out above;

2) Punitive damages;

3) Attorney's fees and costs as allowed by law;  and

4) Pre and Post Judgement interest as allowed by Law.

5) Any and all further relief that he may be entitled to at law or in equity.

Respectfully submitted,

Law Offices of
MIGUEL A. SALDAÑA
Corporate Plaza, Suite 109
302 Kings Highway
Brownsville, Texas 78521
Telephone:   (956) 541-6555
Telefax:      (956) 542-3651

By:_____
MIGUEL A. SALDAÑA
State Bar No. 17529450

## CERTIFICATE OF SERVICE

I certify a true copy of the above was served in accordance with the Texas

Rules of Civil Procedure, on September 7th, 2000, on the following:

Daivd N. Kitner, Esq.
Strasburger & Price, L.L.P.
901 Main Street, Ste. 4300
Dallas, Texas 75202-3792

Raymond A. Cowley, Esq.
Rodriguez, Colvin & Chaney
4900 North 10th Street
McAllen, Texas 78504

MIGUEL A. SALDAÑA

CAUSE NO. 2000-08-003210-E

| | | |
|---|---|---|
| NOEL ESPINOZA | § | IN THE 357th JUDICIAL |
| | § | |
| | § | |
| | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| COCA COLA COMPANY, | § | |
| CONTINENTAL CASUALTY | § | |
| COMPANY AND CONSTITUTION | § | |
| STATE SERVICE COMPANY | § | CAMERON COUNTY, TEXAS |

FILED
AURORA DE LA GARZA, CLERK
AUG 14 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS
Maria Blanco DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, **NOEL ESPINOZA,** complains of the **COCA COLA COMPANY,**
**CONTINENTAL CASUALTY COMPANY AND CONSTITUTION STATE SERVICE**
**COMPANY,** and in support thereof shows:

I.

### DISCOVERY LEVEL

Pursuant Tex.R.Civ.P. 190.1, discovery is intended to be conducted
under Level 2, Tex. R.Civ.P. 190.3.

II.

### JURY REQUEST

Pursuant to Rule 216, Texas Rules of Civil Procedure, Plaintiff hereby demands
a **TRIAL BY JURY.** For cause of action Plaintiff would respectfully show this
Honorable Court the following facts and circumstances:

III.

### STATEMENT OF CASE

This case involves Plaintiff's separation from employment while he was injured
and receiving worker's compensation benefits pursuant §451.001 of the Texas Labor

Code. Plaintiff also states a cause of action against his former employer for violations of the Family Medical Leave Act, (FMLA). Plaintiff states a cause of action against the worker's compensation carrier and adjuster company for fraud and negligence. Additionally, Plaintiff brings a cause of action against the worker's compensation carrier for breach of the duty of good faith and fair dealing.

IV.

**PARTIES**

Noel Espinoza is an individual and resides in Cameron County, Texas. The Coca Cola Company is a corporation duly licensed and incorporated in the State of Delaware and doing business in Texas while maintaining a principal office in Cameron County, Texas. Coca Cola Company may be served by servings its registered agent, C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201. Continental Casualty Company is a corporation duly licensed and incorporated in the State of Illinois and doing business in the State of Texas and may be served by serving its registered agent, C.T. Corporation. 350 N. St. Paul Street, Dallas, Texas 75201. Constitution State Service Company is a corporation duly licensed and incorporated in the State of Montana and may be served by serving its registered agent, C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

V.

**JURISDICTION AND VENUE**

The State District court is a court of general jurisdiction and has personal jurisdiction of all the parties by virtue of their residence or by the fact that the parties do business in Texas on a regular, continuing basis. The State District Court has subject matter jurisdiction at common law and by statute including §451.003 of the Texas Labor Code and 29 USC §2617(a)(2). Venue is proper in this Court pursuant §15.002(a)(1) of the Texas Civil Practice and Remedies Code because all the events or omissions including, but not limited to, Plaintiff's place of hiring, Plaintiff's area where he discharged his duties, place of Plaintiff's injury, place where Plaintiff obtained and received medical services, and place of separation all occurred in Cameron County.

Additionally, venue is proper in Cameron County pursuant §15.002 (a)(3) and (4) of the Tex.Civ.Prac. & Rem.Code because Defendant Coca Cola maintains a principal office in Cameron County and because Plaintiff is a resident of Cameron County.

## VI.
## FACTS

A.    Plaintiff, Noel Espinoza, hereinafter, Espinoza, began work for Valley Coca Cola Company, hereinafter Coca Cola on July 9, 1984. Espinoza was a loyal, honest, and diligent employee for many years. By April of 1999, Espinoza was in the position of special events lead man working full time at an hourly rate of $9.07 per hour, plus overtime. Espinoza also enjoyed a full benefit package including health insurance. On April 10, 1999, Espinoza injured his back in the course and scope of his employment. He reported the injury and eventually was seen by Dr. Eduardo Atkinson, the company doctor. Atkinson diagnosed a back sprain and sends Espinoza back to work. Espinoza attempts to work the next three or four days but the pain becomes unbearable. Espinoza returns to Atkinson who takes him off work and refers him to Dr. Madhavan Pisharodi.

B.    Espinoza continues off work and is treated conservatively by Dr. Pisharodi. During this time, Espinoza receives worker's compensation indemnity benefits from Defendant Continental Casualty Company, hereinafter, Continental. Espinoza's claim is sent to Constitution State Service Company, hereinafter, Constitution, for monitoring and adjustment.

C.    On or about September 7, 1999, after failure of the conservative treatment, several diagnostic tests are conducted. Dr. Pisharodi diagnoses a L4-5 disk tear with nerve root compression and recommends surgery to Espinoza. Espinoza informs the  company doctor, Atkinson, about Pisharodis' recommendation. Atkinson then refers Espinoza to Dr. Humberto Tijerina for another opinion. On September 27, 1999, Dr. Tijerina concurs with Dr. Pisharodi in his diagnoses and recommends the surgery. Espinoza returns to Dr. Pisharodi and is informed that although recommended

by the company doctor, Tijerina's opinion is insufficient as far as Continental and Constitution were concerned. Espinoza is instructed by Dr. Pisharodi's office that he must select another doctor from the carrier's approved list. Espinoza chooses Dr. Helson Pacheco who also informs Espinoza that he too concurs with Dr. Pisharodi and Dr. Tijerina's opinion and recommends surgery.

      D.     Constitution again delays the thrice approved surgery and informs Espinoza that he needs to see yet another doctor, Dr. Ruben Pechero. Espinoza then is scheduled with Dr. Pechero for November 11, 1999. Plaintiff is informed that Dr. Pechero is ill and is eventually rescheduled for November 30, 1999. Dr. Pechero, the fourth medical doctor and the one specifically chosen by Constitution announces to Plaintiff that he does not need surgery but should continue conservative treatment.

      E.     Espinoza appeals the decision of Dr. Pechero to the Worker's Compensation Commission in early December of 1999. Espinoza is unable to communicate with the Commission either in December or January of 2000. After finally contacting a representative of the Commission on February 8, 2000, Plaintiff is informed that it was the Commission's position that he had failed to keep the November 11, 1999 appointment with Dr. Pechero and that they did not received any report from Constitution or Dr. Pechero's office in order to make a decision on the surgery.

      F.     On February 9, 2000, a representative of the Commission sends out a letter approving Espinoza's surgery. Dr. Pisharodi's office contacts Constitution to determine if Constitution is going to further appeal the Commission's initial ruling. On February 14, 2000, Constitution announces that it will not appeal and approves the surgery. Plaintiff is finally operated on March 2, 2000.

      G.     Espinoza is informed he will need from sixty to ninety days to recuperate from the surgery before returning to work. Espinoza, however, receives a discharge letter from Coca Cola dated April 28, 2000 indicating that he was let go because he was absent from his job for one year, allegedly in violation of Coca Cola

policy. Plaintiff never conferred with the human resources department of Coca Cola or was he ever informed if he was eligible for extended Family Medical Leave Act time off. Defendant Coca Cola monitored Espinoza's claim at all times and was aware of the utilization of all of Espinoza's available sick and vacation leave..

## VII.
## TEXAS LABOR CODE §451.01

Plaintiff Espinoza states a cause of action against Defendant Coca Cola for retaliation pursuant §451.01 of the Texas Labor Code. Espinoza states that he was fired from his employment because he filed a claim for worker's compensation in good faith. Espinoza states that there was not in place a non-discriminatory policy discharging employees after one year of absence. Espinoza states that even if such policy was in place it was not uniformly applied to all employees. Espinoza further states that Coca Cola knew that the five month delay and Espinoza's problems in having to obtain four medical opinions, was not his fault but still insisted on not informing him of any additional leave. Coca Cola never attempted to accommodate Espinoza or explain to him his rights due to the unreasonable delay by third parties. At all times relevant Coca Cola knew the status of Espinoza's claim and never informed him of Coca-Cola's alleged policy or of the adverse repercussions to his long time employment. In essence Coca-Cola stealthily waited while Espinoza was being bandied about by Defendant's Continental and Constitution and sprung the discharge trap when it felt it could rid itself of an injured worker

## VIII.
## FAMILY MEDICAL LEAVE ACT (FMLA)
## 29 USC§2601et.seq.

A.    Espinoza is an eligible employee pursuant the FMLA. Defendant Coca Cola is an employer engaged in commerce and/or industry or actively affecting commerce. Coca Cola has over fifty employees working within 75 miles of Espinoza's worksite.

B.      Coca Cola unlawfully interfered with, restrained, or denied the exercise of or the attempt to exercise by Espinoza his rights under the FMLA.  Coca Cola did so by failing to adequately notify Espinoza of the impact of Coca Cola's family leave policies on rights provided by the FMLA where there existed an apparent conflict between Coca Cola's policy and Espinoza's FMLA rights.  Such conduct by Coca Cola caused Espinoza to unwittingly forfeit the protections offered him by the FMLA.

C.      Espinoza's medical condition was a serious health condition that involved continuing treatment by a health care provider and required surgery and in-patient care in a hospital.

## IX.
## AGENCY RELATIONSHIP-CONTINENTAL CASUALTY COMPANY-CONSTITUTION STATE SERVICE COMPANY

A.      At all times relevant, Defendant Constitution was the agent of Defendant Continental serving as the adjuster for Continental.  Constitution was acting within the authority expressly conferred upon it by Continental, or alternatively, within the authority necessarily implied in order for Constitution to perform and exercise the authority expressly granted.   In the further alternative, Espinoza will show that Continental is estopped to deny Constitution's authority due to Continental's conduct which led Espinoza to suppose that Constitution had the authority to act on Continental's behalf as alleged.

B.      Further, in the alternative, Continental has in all things ratified the exercise of authority by Constitution by providing, denying, or delaying Espinoza's benefits as dictated by Constitution.

C.      Further, in the alternative, Constitution was the vice-principal of Continental in that Constitution was engaged in the non-delegable duties of Continental and Continental had confided the entire aspect of adjusting claims to Constitution.

## X.
## GOOD FAITH AND FAIR DEALING

Defendant Continental at all times relevant owed the non-delegable duty of good faith and fair dealing to Espinoza as third party beneficiary of Coca Cola's worker's compensation policy.   Defendant, Continental, acting through its agent, Constitution, breached that duty by unreasonably requiring four independent opinions and never approving the surgery required by Espinoza until an adverse Commission ruling.   The unreasonable requests and resultant delay was the direct and proximate cause of Espinoza's damages as set out below.   There was no reasonable basis for the request for a fourth opinion and the five month delay which followed.   Continental's conduct was the direct and proximate cause of Plaintiff's damages set out below.

## XI.
## NEGLIGENCE

Defendant Continental and its agent, Constitution, owed Espinoza the duty to handle and adjust his claim in a reasonable and prudent manner.   Continental and Constitution breached that duty by requiring four opinions before being ordered by the Commission to approve the surgery.   Not one of the doctors was independently chosen by Espinoza.   The first doctor, Dr. Pisharodi, was selected by Coca Cola's company doctor, Dr. Atkinson, as was. Dr. Tijerina.  Dr. Pacheco was picked from a list provided by Constitution.    Dr. Pechero was specifically chosen by Constitution. Additionally, Continental and Constitution were negligent in failing to provide the Commission with Dr. Pechero's report in a reasonable and timely manner.   Continental and Constitution's negligent conduct in requiring a fourth opinion and the failure to send Dr. Pechero's report resulted in a five month delay in Espinoza's medical treatment and return to work.   Said negligent conduct was the direct and proximate cause of Espinoza's damages set out below.

## XII.
## FRAUD

Espinoza states a cause of action for fraud against Defendants Continental and Constitution.    Continental and Constitution made a material representation to Espinoza that a fourth opinion was necessary before approving the

required surgery. This representation was false. Defendants knew that this was false and made the assertion of the necessity of a fourth opinion as a positive assertion. Defendants made the representation with the intent that it should be acted upon by Espinoza and which he did act upon by waiting for an additional five months, all to his damages as set out below.

**XIII.**

**DAMAGES**

     **A.**    As a direct and proximate cause of Defendant Coca Cola's actions, Espinoza suffered the following damages:

     1)    lost wages and fringe benefits;

     2)    diminished earning capacity;

     3)    front pay; and

     4)    mental anguish in the past and in all reasonable probability in the future all in excess of the minimum jurisdictional amounts of the Court.

     **B.**    As a direct and proximate cause of Defendant Continental's and Constitution's action, Espinoza suffered the following damages:

     1)    lost wages and fringe benefits;

     2)    diminished earning capacity;

     3)    front pay;

     4)    mental anguish in the past and in all reasonable probability in the future;

     5)    physical pain and suffering in the past and in all reasonable probability in the future;

     6)    impairment in the past and in all reasonable probability in the future all in excess of the minimum jurisdictional amounts of the court.

**XIV.**

**PUNITIVE DAMAGES**

Defendants Coca Cola's, Continental's and Constitution's actions were such that they constituted actual fraud and malice against Espinoza for which he seeks punitive damages in excess of the minimum jurisdictions amounts of the Court.

## XV.
## ATTORNEY'S FEES AND COSTS

Espinoza seeks reasonable and necessary attorney's fees and costs of suit against Coca Cola for violation of the FMLA.

## XVI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Espinoza prays that Defendants be served, made to answer, and upon trial of the merits he recover:

1) Actual damages as set out above;

2) Punitive damages;

3) Attorney's fees and costs as allowed by law; and

4) Any and all further relief that he may be entitled to at law or in equity.

Respectfully submitted,

Law Offices of
MIGUEL A. SALDAÑA
Corporate Plaza, Suite 109
302 Kings Highway
Brownsville, Texas 78521
Telephone: (956) 541-6555
Telefax: (956) 542-3651

By:_____
MIGUEL A. SALDAÑA
State Bar No. 17529450

# STRASBURGER
# &PRICE, L.L.P.

ATTORNEYS AND COUNSELORS
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

SUITE 4300
901 MAIN STREET
DALLAS, TEXAS 75202-3794
(214) 651-4300

AUSTIN

HOUSTON

SAN ANTONIO

MEXICO CITY

DAVID N. KITNER
(214) 651-4618
Direct Fax: (214) 659-4079
kitnerd@strasburger.com

FAX (214) 651-4330
www.strasburger.com

August 29, 2000

**VIA FEDERAL EXPRESS**

Audora De La Garza
District Clerk
357th Judicial District Court
Cameron County Courthouse
974 E. Harrison St.
Brownsville, Texas 78521

RE: Cause No. 2000-08-003210-E; *Noel Espinoza v. Coca Cola, et al*, in the 357th Judicial District Court, Cameron County, Texas.

Dear Ms. De La Garza:

Enclosed please find the original and two copies of Defendants Continental Casualty Company and Constitution State Service Company's Original Answer for filing in the above-entitled and numbered cause.

Please file-mark the extra copies and return them to me via the enclosed self-addressed stamped envelope.

By copy of this letter, counsel for Plaintiff is hereby being provided with a copy of the enclosed Answer.

Very truly yours,

David Kitner

David N. Kitner

DNK/slh

Enclosures

621365.1/SP0/83395/1884/08292000

·STRASBURGER
&PRICE, LLP

Audora De La Garza
August 29, 2000
Page 2

cc:   Miguel A. Saldana
      Law Offices of Miguel A. Saldana
      Corporate Plaza, Suite 109
      302 Kings Highway
      Brownsville, Texas 78521

CAUSE NO. 2000-08-003210-E

| | | |
|---|---|---|
| NOEL ESPINOZA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| COCA COLA COMPANY, | § | |
| CONTINENTAL CASUALTY | § | |
| COMPANY AND CONSTITUTION | § | |
| STATE SERVICE COMPANY | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## DEFENDANTS CONTINENTAL CASUALTY COMPANY AND CONSTITUTION STATE SERVICE COMPANY'S ORIGINAL ANSWER

COMES NOW, Defendants Continental Casualty Company and Constitution State Service Company and files this, their Original Answer, and would respectfully show the court as follows:

### I.

### Answer

Subject to such stipulations and admissions as may be made hereafter, Defendants hereby enters a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and request that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations which it has made against the Defendants and to do so before a jury composed of twelve (12) citizens of this County as is required by the laws and Constitution of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendants Continental Casualty Company and Constitution State Service Company pray that judgment be rendered, that Plaintiff take nothing by this suit and that these Defendants be permitted to go hence without day and recover their costs in

CutePDF - www.tesisa.com

this behalf expended, and for such other and further relief, general and specific, legal and equitable,

to which the Defendants may be justly entitled.

Respectfully submitted,

*David Kitner*

DAVID N. KITNER
State Bar No. 11541500

STRASBURGER & PRICE. L.L.P.
901 Main Street, Suite 4300
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile:  (214) 651-4330

ATTORNEYS FOR DEFENDANTS
CONTINENTAL CASUALTY COMPANY
AND CONSTITUTION STATE SERVICE
COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been forwarded in accordance with the Texas Rules of Civil Procedure on this _29_ day of August, 2000.

*David Kitner*

DAVID N. KITNER

DEFENDANTS CONTINENTAL CASUALTY CO.
AND CONSTITUTION STATE SERVICE COMPANY'S
ORIGINAL ANSWER - Page 2
615334.1/SP0/83395/0100/08292000

# RODRIGUEZ, COLVIN & CHANEY, L.L.P.

## ATTORNEYS AT LAW

### A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NORQUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY†

4900 NORTH 10TH STREET
BUILDING A-2
McALLEN, TEXAS 78504
TELEPHONE (956) 686-1287
TELECOPIER (956) 686-6197

LAURA J. URBIS
LECIA L. CHANEY
DANIEL D. HERINK
R. PATRICK RODRIGUEZ
ROSAMARIA VILLAGOMEZ
VANESSA GARZA

*BOARD CERTIFIED IN PERSONAL
 INJURY TRIAL LAW
 TEXAS BOARD OF LEGAL SPECIALIZATION

†BOARD CERTIFIED IN LABOR AND
 EMPLOYMENT LAW
 TEXAS BOARD OF LEGAL SPECIALIZATION

August 31, 2000

Ms. Aurora De La Garza
Cameron County Courthouse
974 E. Harrison
Brownsville, Texas 78520

*Re:   Cause No.  C-2000-08-003210-E*
*Noel Espinoza v. Coca Cola Company, et al*

Dear Ms. De La Garza:

Enclosed for filing in the above cause is Defendant Cola-Cola Company's Original Answer. Please file among the documents in this case and return a file-stamped copy to our office.

As indicated below, I am providing counsel of record with a copy of the foregoing.

Very truly yours,

**RODRIGUEZ, COLVIN & CHANEY, LLP**

Raymond A. Cowley

RAC:mls
Enclosures

xc:   Mr. Miguel A. Saldana
       Corporate Plaza, Ste. 109
       302 Kings Highway
       Brownsville, Texas 78521
       **CM, RRR #** Z 4445 00 468

       Mr. John Bode
       Miller & Martin LLP
       Ste. 1000 Volunteer Building
       832 Georgia Avenue
       Chattanooga, TN 37402-2289

BROWNSVILLE, TEXAS OFFICE· 1201 EAST VAN BUREN STREET, P. O. BOX 2155, 78522, TELEPHONE (956) 542-7441 TELECOPIER (956) 541-1201
HARLINGEN, TEXAS OFFICE  402 EAST VAN BUREN STREET, 78550, TELEPHONE (956) 423-0213 TELECOPIER (956) 423-2035

CAUSE NO. 2000-08-003210-E

| | | |
|---|---|---|
| NOEL ESPINOZA, | § | IN THE 357th JUDICIAL |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | DISTRICT COURT OF |
| COCA COLA COMPANY, | § | |
| CONTINENTAL CASUALTY | § | |
| COMPANY and CONSTITUTION | § | |
| STATE SERVICE COMPANY, | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## DEFENDANT COCA-COLA COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE COCA-COLA COMPANY, Defendant, and answers Plaintiff's Original Petition as follows:

1.     Defendant specially excepts to Paragraphs III, VI(G), VII, VIII(B), XIII, XIV, XV and XVI for the reason that Plaintiff has failed to set forth with particularity the maximum amount of damages sought on his claims.  Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Defendant is entitled upon special exception to require Plaintiff to set forth with particularity the maximum amount of damages sought on his claims.  It is, therefore, respectfully requested that Plaintiff be required within ten (10) days of this Court's Order to replead with the maximum amount of damages sought on his claims, failing which let his pleading be stricken.

2.     Defendant, reserving the right to file further exceptions, denials and defenses, denies each and every, all and singular, the allegations set forth in Plaintiff's Original Petition, and in any subsequent pleading, demands strict proof thereof.

3.      Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that it was not Plaintiff's employer, nor was Plaintiff an employee of Defendant. Accordingly, Plaintiff's claims against Defendant should be dismissed.

4.      Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that at the time of Plaintiff's hire, and all relevant times thereafter, Plaintiff's employer was, upon information and belief, a subscriber to workers' compensation insurance and notice of its subscriber status was, upon information and belief, made known to its employees, including Plaintiff, in the manner required by law.  Plaintiff did not, upon information and belief, timely reject coverage under the Texas Workers' Compensation Act.  Accordingly, Plaintiff's claims against Defendant are barred by the exclusivity provisions of the Texas Workers' Compensation Act.

5.      Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that  Plaintiff's damages, if any, were the result of a work-related injury for which he may recover, if at all, only pursuant to the Texas Workers' Compensation Act.

6.      Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the exemplary or punitive damages claimed by Plaintiff are unconstitutional, arbitrary, unreasonable, excessive and violate Defendant's rights under the Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution and Article I, Section XIII of the Texas Constitution.

7.      Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that Plaintiff has failed to exercise reasonable diligence in mitigating his damages, and Defendant is entitled to an offset for all wages earned or which reasonably should have been earned by Plaintiff following his employment.

8.      Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that Plaintiff's employment was terminated for lawful and non-discriminatory reasons which were unrelated to his report of an injury, if any, and which would, in any event, justify his dismissal.

WHEREFORE, Defendant, having answered, prays that Plaintiff take nothing on his claims and Defendant be allowed to go hence with its costs, and further be granted general relief.

Respectfully submitted,

**RODRIGUEZ, COLVIN & CHANEY**
4900 A-2 North 10th St.
McAllen, Texas 78504
Telephone No.: (956) 686-1287
Telefax No.:   (956) 686-6197


Raymond A. Cowley
State Bar: 04932400


**MILLER & MARTIN LLP**
John R. Bode
(pro hac vice application pending)
Suite 1000, Volunteer Building
832 Georgia Avenue
Chattanooga, TN  37402
Telephone No.: (423) 756-6600
Telefax No.:    (423) 785-8480

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the following document has been forwarded by certified mail, return receipt requested, to the following counsel of record, on the _1_ day of _September_, 2000.

Miguel A. Saldaña, Esq.
Corporate Plaza, Suite 109
302 Kings Highway
Brownsville, TX 78521

Raymond A. Cowley

LAW OFFICE OF
MIGUEL A. SALDAÑA
302 Kings Highway, Suite 109
Brownsville, Texas  78521

**Tel:   956-541-6555**                                                        **Fax:   956-542-3651**

August 4, 2000

Mrs. Aurora de La Garza
Cameron County District Clerk
974 E. Harrison Street
Brownsville, Texas 78521

**RE:**  Noel Espinoza v. Coca Cola Company, Continental
Casualty Company and Constitution State Service
Company

Enclosed please find an Original Petition regarding the
above-referenced matter, filed on behalf of the Plaintiff.
Please file-stamp the original, and return the file-stamped
copies to our office.

Please cause to be issued a citation (by certified
mail, return receipt requested) upon the following
defendants: 1.) Coca Cola Company at C.T. Corporation, 350
N. St. Paul Street, Dallas, Texas 75201.  2.) Continental
Casualty Company at C.T. Corporation, 350 N. St. Paul
Street, Dallas, Texas 75201.  3.) Constitution State
Service Company at 350 N. St. Paul Street, Dallas, Texas
75201.

Thank you for your prompt attention on this matter.

Very truly yours,

Monica A. Lopez
Legal Assistant to
Miguel A. Saldana

:mal

NOZA

NY, ET AL

* * * * * * *

C L E R K ' S   E N T R I E S

(03)

WORKERS' COMPENSATION

00193101
MIGUEL A. SALDANA
302 KINGS HIGHWAY, STE 109
BROWNSVILLE, TEXAS    78520 0000

00108001
HON. DAVID N. KITNER
901 MAIN ST, LB 175
DALLAS, TEXAS    75202 0000

08/04/00  ORIGINAL PETITION FILED
08/07/00  CITATION (CM): COCA COLA COMPANY
08/07/00     SERVED: 08/11/00    FILED: 08/16/00
08/07/00  CITATION (CM): CONTINENTAL CASUALTY
08/07/00     SERVED: 08/11/00    FILED: 08/16/00
08/07/00  CITATION (CM): CONSTITUTION STATE
          SERVICE COMPANY
08/07/00     SERVED: 08/11/00    FILED: 08/16/00
08/30/00  ORIGINAL ANSWER: CONTINENTAL CASUALTY
09/01/00  ORIGINAL ANSWER: COCA=COLA COMPANY'S
09/08/00  REYMOND A COWLEY'S UNOPPOSED MTN IN
          SUPPORT OF JOHN R BODE'S
09/08/00  MTN FOR PRO HAC VICE(IGARCIA)
09/08/00  MTN FOR FLEVAE FOR JOHN R BODE TO
          APPEAR PRO HAC VICE(IGARCIA)
09/08/00  VERIFICATION(JOHN R BODE)
09/08/00  PLTF'S FIRST AMENDED PETITION (IGARCIA)

Case 1:00-cv-00142   Document 1   Filed in TXSD on 09/11/2000   Page 34 of 37

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOEL ESPINOZA,       §

    Plaintiff,       §

            §

v.             §     CIVIL ACTION NO. **B-00-142**

            §

COCA COLA ENTERPRISES, INC.,   §

CONTINENTAL CASUALTY     §

COMPANY and CONSTITUTION    §

STATE SERVICE COMPANY,     §

    Defendants.      §

---

# I N D E X

---

1.   Notice of Removal

2.   Civil Cover Sheet

3.   Citation

4.   Plaintiff's Original Petition and First Amended Original Petition

5.   Civil Docket Sheet - State Court

6.   List of Counsel of Record

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOEL ESPINOZA, | § | |
|        Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. **B-00-142** |
| | § | |
| COCA COLA COMPANY, | § | |
| CONTINENTAL CASUALTY | § | |
| COMPANY and CONSTITUTION | § | |
| STATE SERVICE COMPANY, | § | |
|        Defendants. | § | |

## LIST OF COUNSEL OF RECORD

### Counsel For PLAINTIFF

Miguel A. Saldaña, Esq.
Carinhas & Saldana, LLP
Corporate Plaza, Suite 109
302 Kings Highway
Brownsville, TX 78521
Telephone No.: (956) 542-9161
Telefax No.: (956) 542-6351

### Counsel for COCA-COLA ENTERPRISES, INC.

Raymond A. Cowley
Rodriguez, Colvin & Chaney, LLP
4900 A-2 North 10th St.
McAllen, Texas 78504
Telephone No.: (956) 686-1287
Telefax No.:  (956) 686-6197

Mr. John R. Bode
Miller & Martin LLP

(pro hac vice application pending)
Suite 1000, Volunteer Building
832 Georgia Avenue
Chattanooga, TN  37402
Telephone No.:  (423) 756-6600
Telefax No.:    (423)  785-8480

**Counsel for Continental CASUALTYCOMPANY
And CONSTITUTION  STATE SERVICE COMPANY,**

Mr. David N. Kitner
Strasburger & Price, LLP
901 Main Street, Ste. 4300
Dallas, Texas 75202
Telephone No.: (214) 651-4300
Telefax No.: (214) 651-4330