4

United States District Court
Southern District of Texas
FILED

SEP 1 3 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| NOEL ESPINOZA, § | |
| Plaintiff § | |
| § | |
| § | |
| v. § | CIVIL ACTION NO. B-00-142 |
| § | |
| THE LAREDO COCA COLA § | |
| BOTTLING COMPANY, INC., § | |
| CONTINENTAL CASUALTY § | |
| COMPANY AND CONSTITUTION § | |
| STATE SERVICE COMPANY, § | |
| Defendants § | |

### PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, **NOEL ESPINOZA,** complains of *THE LAREDO COCA COLA BOTTLING COMPANY, INC., CONTINENTAL CASUALTY COMPANY AND CONSTITUTION STATE SERVICE COMPANY,* and in support thereof shows:

**I.**

### DISCOVERY LEVEL

Pursuant Tex.R.Civ.P. 190.1, discovery is intended to be conducted under Level 2, Tex. R.Civ.P. 190.3.

**II.**

### JURY REQUEST

Pursuant to Rule 216, Texas Rules of Civil Procedure, Plaintiff hereby demands a **TRIAL BY JURY.** For cause of action Plaintiff would respectfully show this Honorable Court the following facts and circumstances:

**III.**

### STATEMENT OF CASE

This case involves Plaintiff's separation from employment while he was injured and receiving worker's compensation benefits pursuant §451.001 of the Texas Labor Code. Plaintiff also states a cause of action against his former employer for violations of the Family

Medical Leave Act, (FMLA). Plaintiff states a cause of action against the worker's compensation carrier and adjuster company for fraud and negligence. Additionally, Plaintiff brings a cause of action against the worker's compensation carrier for breach of the duty of good faith and fair dealing.

IV.
**PARTIES**

Noel Espinoza is an individual and resides in Cameron County, Texas. The Laredo Coca Cola Bottling Company, Inc., is a corporation duly licensed and incorporated in the State of Delaware and doing business in Texas while maintaining a principal office in Cameron County, Texas. The Laredo Coca Cola Bottling Company, Inc. may be served by serving Raymond A. Cowley, Esq., Rodriguez, Colvin & Chaney, 4900 North 10th Street, McAllen, Texas 78504. Continental Casualty Company is a corporation duly licensed and incorporated in the State of Illinois and doing business in the State of Texas and may be served by serving its registered agent, C.T. Corporation. 350 N. St. Paul Street, Dallas, Texas 75201. Constitution State Service Company is a corporation duly licensed and incorporated in the State of Montana and may be served by serving its registered agent, C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201. No service is required at this time.

V.
**JURISDICTION AND VENUE**

This suit has been removed to the United States District Court, Southern District of Texas, Brownsville Division. Plaintiff contends that removal was improper and will file a Motion for Remand to the State Court based on jurisdictional and venue facts pleaded below.

The State District court is a court of general jurisdiction and has personal jurisdiction of all the parties by virtue of their residence or by the fact that the parties do business in Texas on a regular, continuing basis. The State District Court has subject matter jurisdiction at common law and by statute including §451.003 of the Texas Labor Code and 29 USC §2617(a)(2). Venue is proper in this Court pursuant §15.002(a)(1) of the Texas Civil Practice and Remedies Code because all the events or omissions including, but not limited to, Plaintiff's place of hiring, Plaintiff's area where he discharged his duties, place of Plaintiff's

injury, place where Plaintiff obtained and received medical services, and place of separation all occurred in Cameron County. Additionally, venue is proper in Cameron County pursuant §15.002 (a)(3) and (4) of the Tex.Civ.Prac. & Rem.Code because Defendant Coca Cola maintains a principal office in Cameron County and because Plaintiff is a resident of Cameron County.

## VI.
## FACTS

  **A.** Plaintiff, Noel Espinoza, hereinafter, Espinoza, began work for Valley The Laredo Coca Cola Botlling Company, Inc.., hereinafter Coca Cola on July 9, 1984. Espinoza was a loyal, honest, and diligent employee for many years. By April of 1999, Espinoza was in the position of special events lead man working full time at an hourly rate of $9.07 per hour, plus overtime. Espinoza also enjoyed a full benefit package including health insurance. On April 10, 1999, Espinoza injured his back in the course and scope of his employment. He reported the injury and eventually was seen by Dr. Eduardo Atkinson, the company doctor. Atkinson diagnosed a back sprain and sends Espinoza back to work. Espinoza attempts to work the next three or four days but the pain becomes unbearable. Espinoza returns to Atkinson who takes him off work and refers him to Dr. Madhavan Pisharodi.

  **B.** Espinoza continues off work and is treated conservatively by Dr. Pisharodi. During this time, Espinoza receives worker's compensation indemnity benefits from Defendant Continental Casualty Company, hereinafter, Continental. Espinoza's claim is sent to Constitution State Service Company, hereinafter, Constitution, for monitoring and adjustment.

  **C.** On or about September 7, 1999, after failure of the conservative treatment, several diagnostic tests are conducted. Dr. Pisharodi diagnoses a L4-5 disk tear with nerve root compression and recommends surgery to Espinoza. Espinoza informs the company doctor, Atkinson, about Pisharodis' recommendation. Atkinson then refers Espinoza to Dr. Humberto Tijerina for another opinion. On September 27, 1999, Dr. Tijerina concurs with Dr. Pisharodi in his diagnoses and recommends the surgery. Espinoza returns to Dr.

Pisharodi and is informed that although recommended by the company doctor, Tijerina's opinion is insufficient as far as Continental and Constitution were concerned. Espinoza is instructed by Dr. Pisharodi's office that he must select another doctor from the carrier's approved list. Espinoza chooses Dr. Helson Pacheco who also informs Espinoza that he too concurs with Dr. Pisharodi and Dr. Tijerina's opinion and recommends surgery.

    D. Constitution again delays the thrice approved surgery and informs Espinoza that he needs to see yet another doctor, Dr. Ruben Pechero. Espinoza then is scheduled with Dr. Pechero for November 11, 1999. Plaintiff is informed that Dr. Pechero is ill and is eventually rescheduled for November 30, 1999. Dr. Pechero, the fourth medical doctor and the one specifically chosen by Constitution announces to Plaintiff that he does not need surgery but should continue conservative treatment.

    E. Espinoza appeals the decision of Dr. Pechero to the Worker's Compensation Commission in early December of 1999. Espinoza is unable to communicate with the Commission either in December or January of 2000. After finally contacting a representative of the Commission on February 8, 2000, Plaintiff is informed that it was the Commission's position that he had failed to keep the November 11, 1999 appointment with Dr. Pechero and that they did not received any report from Constitution or Dr. Pechero's office in order to make a decision on the surgery.

    F. On February 9, 2000, a representative of the Commission sends out a letter approving Espinoza's surgery. Dr. Pisharodi's office contacts Constitution to determine if Constitution is going to further appeal the Commission's initial ruling. On February 14, 2000, Constitution announces that it will not appeal and approves the surgery. Plaintiff is finally operated on March 2, 2000.

    G. Espinoza is informed he will need from sixty to ninety days to recuperate from the surgery before returning to work. Espinoza, however, receives a discharge letter from Coca Cola dated April 28, 2000 indicating that he was let go because he was absent from his job for one year, allegedly in violation of Coca Cola policy. Plaintiff never conferred with the

human resources department of Coca Cola or was he ever informed if he was eligible for extended Family Medical Leave Act time off. Defendant Coca Cola monitored Espinoza's claim at all times and was aware of the utilization of all of Espinoza's available sick and vacation leave..

## VII.
## TEXAS LABOR CODE §451.01

Plaintiff Espinoza states a cause of action against Defendant Coca Cola for retaliation pursuant §451.01 of the Texas Labor Code. Espinoza states that he was fired from his employment because he filed a claim for worker's compensation in good faith. Espinoza states that there was not in place a non-discriminatory policy discharging employees after one year of absence. Espinoza states that even if such policy was in place it was not uniformly applied to all employees. Espinoza further states that Coca Cola knew that the five month delay and Espinoza's problems in having to obtain four medical opinions, was not his fault but still insisted on not informing him of any additional leave. Coca Cola never attempted to accommodate Espinoza or explain to him his rights due to the unreasonable delay by third parties. At all times relevant Coca Cola knew the status of Espinoza's claim and never informed him of Coca-Cola's alleged policy or of the adverse repercussions to his long time employment. In essence Coca-Cola stealthily waited while Espinoza was being bandied about by Defendant's Continental and Constitution and sprung the discharge trap when it felt it could rid itself of an injured worker

## VIII.
## FAMILY MEDICAL LEAVE ACT (FMLA)
## 29 USC§2601et.seq.

A.   Espinoza is an eligible employee pursuant the FMLA. Defendant Coca Cola is an employer engaged in commerce and/or industry or actively affecting commerce. Coca Cola has over fifty employees working within 75 miles of Espinoza's worksite.

B.   Coca Cola unlawfully interfered with, restrained, or denied the exercise of or the attempt to exercise by Espinoza his rights under the FMLA. Coca Cola did so by failing to adequately notify Espinoza of the impact of Coca Cola's family leave policies on

rights provided by the FMLA where there existed an apparent conflict between Coca Cola's policy and Espinoza's FMLA rights. Such conduct by Coca Cola caused Espinoza to unwittingly forfeit the protections offered him by the FMLA.

C. Espinoza's medical condition was a serious health condition that involved continuing treatment by a health care provider and required surgery and in-patient care in a hospital.

## IX.
## AGENCY RELATIONSHIP-CONTINENTAL CASUALTY COMPANY-CONSTITUTION STATE SERVICE COMPANY

A. At all times relevant, Defendant Constitution was the agent of Defendant Continental serving as the adjuster for Continental. Constitution was acting within the authority expressly conferred upon it by Continental, or alternatively, within the authority necessarily implied in order for Constitution to perform and exercise the authority expressly granted. In the further alternative, Espinoza will show that Continental is estopped to deny Constitution's authority due to Continental's conduct which led Espinoza to suppose that Constitution had the authority to act on Continental's behalf as alleged.

B. Further, in the alternative, Continental has in all things ratified the exercise of authority by Constitution by providing, denying, or delaying Espinoza's benefits as dictated by Constitution.

C. Further, in the alternative, Constitution was the vice-principal of Continental in that Constitution was engaged in the non-delegable duties of Continental and Continental had confided the entire aspect of adjusting claims to Constitution.

## X.
## GOOD FAITH AND FAIR DEALING

Defendant Continental at all times relevant owed the non-delegable duty of good faith and fair dealing to Espinoza as third party beneficiary of Coca Cola's worker's compensation policy. Defendant, Continental, acting through its agent, Constitution, breached that duty by unreasonably requiring four independent opinions and never approving the surgery required by Espinoza until an adverse Commission ruling. The unreasonable requests

and resultant delay was the direct and proximate cause of Espinoza's damages as set out below. There was no reasonable basis for the request for a fourth opinion and the five month delay which followed. Continental's conduct was the direct and proximate cause of Plaintiff's damages set out below.

## XI.
## NEGLIGENCE

Defendant Continental and its agent, Constitution, owed Espinoza the duty to handle and adjust his claim in a reasonable and prudent manner. Continental and Constitution breached that duty by requiring four opinions before being ordered by the Commission to approve the surgery. Not one of the doctors was independently chosen by Espinoza. The first doctor, Dr. Pisharodi, was selected by Coca Cola's company doctor, Dr. Atkinson, as was. Dr. Tijerina. Dr. Pacheco was picked from a list provided by Constitution. Dr. Pechero was specifically chosen by Constitution. Additionally, Continental and Constitution were negligent in failing to provide the Commission with Dr. Pechero's report in a reasonable and timely manner. Continental and Constitution's negligent conduct in requiring a fourth opinion and the failure to send Dr. Pechero's report resulted in a five month delay in Espinoza's medical treatment and return to work. Said negligent conduct was the direct and proximate cause of Espinoza's damages set out below.

## XII.
## FRAUD

Espinoza states a cause of action for fraud against Defendants Continental and Constitution. Continental and Constitution made a material representation to Espinoza that a fourth opinion was necessary before approving the required surgery. This representation was false. Defendants knew that this was false and made the assertion of the necessity of a fourth opinion as a positive assertion. Defendants made the representation with the intent that it should be acted upon by Espinoza and which he did act upon by waiting for an additional five months, all to his damages as set out below.

## XIII.
## DAMAGES

  A. As a direct and proximate cause of Defendant Coca Cola's actions, Espinoza suffered the following damages:

  1) lost wages and fringe benefits;

  2) diminished earning capacity;

  3) front pay; and

  4) mental anguish in the past and in all reasonable probability in the future all in excess of the minimum jurisdictional amounts of the Court.

  B. As a direct and proximate cause of Defendant Continental's and Constitution's action, Espinoza suffered the following damages:

  1) lost wages and fringe benefits;

  2) diminished earning capacity;

  3) front pay;

  4) mental anguish in the past and in all reasonable probability in the future;

  5) physical pain and suffering in the past and in all reasonable probability in the future;

  6) impairment in the past and in all reasonable probability in the future all in excess of the minimum jurisdictional amounts of the court.

## XIV.
## PUNITIVE DAMAGES

Defendants Coca Cola's, Continental's and Constitution's actions were such that they constituted actual fraud and malice against Espinoza for which he seeks punitive damages in excess of the minimum jurisdictions amounts of the Court.

## XV.
## ATTORNEY'S FEES AND COSTS

Espinoza seeks reasonable and necessary attorney's fees and costs of suit against Coca Cola for violation of the FMLA.

## XVI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Espinoza prays that Defendants be served, made to answer, and upon trial of the merits he recover:

1) Actual damages as set out above;

2) Punitive damages;

3) Attorney's fees and costs as allowed by law; and

4) Pre and Post Judgement interest as allowed by Law

5) Any and all further relief that he may be entitled to at law or in equity.

Respectfully submitted,

Law Offices of
MIGUEL A. SALDAÑA
Corporate Plaza, Suite 109
302 Kings Highway
Brownsville, Texas 78521
Telephone: (956) 541-6555
Telefax: (956) 542-3651

By: _____
MIGUEL A. SALDAÑA
State Bar No. 17529450
Federal I.D. No 10954

## CERTIFICATE OF CONFERENCE

On September 12, 2000, Plaintiff's counsel conferenced with Mr. Raymond A. Cowley and David N. Kitner, attorneys for Defendants and they indicated no objection to the filing of Plaintiff's Second Amended Complaint.

MIGUEL A. SALDANA

## CERTIFICATE OF CONFERENCE

I certify that a true and correct copy of the above foregoing instrument was forwarded on this the 12th day of September, 2000, to:

David N. Kitner, Esq.
Strasburger & Price, L.L.P.
901 Main Street, Ste. 4300
Dallas, Texas 75202-3792

Raymond A. Cowley, Esq.
Rodriguez, colvin & chaney
4900 North 10th Street
McAllen, Texas 78504

MIGUEL A. SALDANA