7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 3 2000

Michael N. Milby
Clerk of Court

NOEL ESPINOZA,
    Plaintiff,

v.

THE LAREDO COCA COLA BOTTLING
COMPANY, INC., CONTINENTAL
CASUALTY COMPANY and
CONSTITUTIONSTATE SERVICE
COMPANY,
    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. B-00-142

## ANSWER OF THE LAREDO COCA-COLA BOTTLING COMPANY, INC.

The defendant, The Laredo Coca-Cola Bottling Company, Inc., by and through its attorneys,

hereby submits the following in response to PLAINTIFF'S SECOND AMENDED COMPLAINT, filed

on or about September 12, 2000 ("Complaint").

### FIRST DEFENSE

The Complaint fails to state a cause of action or claim against the defendant upon which relief may

be granted.

### SECOND DEFENSE

In response to the numbered allegations of the Complaint, the defendant states:

1.      The allegations of Section I (DISCOVERY LEVEL) do not warrant a response by the

defendant.  Said allegations attempt only to summarize the manner of discovery to be conducted herein.

2.      The allegations of Section II (JURY REQUEST) do not warrant a response by the

defendant.  Said allegations attempt only to memorialize the plaintiff's demand for a "TRIAL BY JURY."

3.      The allegations of Section III (STATEMENT OF CASE) do not warrant a response by the

defendant.  Said allegations attempt only to summarize the nature of the plaintiff's action.  Any inference

or statement within those allegations suggesting that the defendant is liable to the plaintiff, however, is

specifically denied.

ClibPDF - www.fastio.com

4.     It is admitted upon information and belief that the plaintiff is an individual and resides in Cameron County, Texas.  It is further admitted that The Laredo Coca-Cola Bottling Company, Inc. is a corporation duly licensed and incorporated in the State of Delaware.  It is further admitted that the defendant is doing business in Texas and may be served through its registered agent.  To the extent addressed to the defendant, the remaining allegations of Section IV are denied.

5.     It is admitted that this Court has jurisdiction over the plaintiff's action and that venue is proper in this Court.  To the extent inconsistent with the aforesaid admission, the remaining allegations of Section V are denied.

6.     It is admitted that the plaintiff was hired by his former employer on July 9, 1984.  It is further admitted that as of April of 1999, the plaintiff held a position in Special Events, and was paid at the rate of $9.07 per hour and was eligible to participate in certain other benefits, including the employer's group health insurance plan.  It is further admitted that on April 10, 1999, the plaintiff reported that he had injured his back at work.  It is further admitted that the plaintiff was thereafter seen by Dr. Eduardo Atkinson and was diagnosed with a strain to his lower back area.  It is further admitted that the plaintiff was initially released to return to work with light duty restrictions, but was thereafter restricted from all work, effective April 15, 1999.  To the extent inconsistent with the aforesaid admissions, the remaining allegations of Section VI, Paragraph A are denied.

7.     The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations of Section VI, Paragraph B, and must therefore deny the same.

8.     The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations of Section VI, Paragraph C, and must therefore deny the same.

9.     The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations of Section VI, Paragraph D, and must therefore deny the same.

10.    The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations of Section VI, Paragraph E, and must therefore deny the same.

11.     The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations of Section VI, Paragraph F, and must therefore deny the same.

12.     It is admitted that the plaintiff was informed by letter, dated April 28, 2000, that his status as an active employee was terminated in accordance with the company policy.  It is further admitted and/or averred that a regular, full-time employee is eligible for a maximum of 12 months of medical leave pursuant to company policy.  To the extent inconsistent with the aforesaid admissions and/or averments, the remaining allegations of Section VI, Paragraph G are denied.

13.     The allegations of Section VII are denied.

14.     It is admitted and/or averred that the plaintiff is a former employee.  It is further admitted that the defendant is an employer engaged in commerce and/or industry affecting commerce.  It is further admitted that the plaintiff's former employer has over 50 employees working within 75 miles of the plaintiff's former worksite.  To the extent inconsistent with the aforesaid admissions and/or averments, the allegations of Section VIII, Paragraph A are denied.

15.     The allegations of Section VIII, Paragraph B are denied.

16.     The allegations of Section VIII, Paragraph C are admitted upon information and belief.

17.     The allegations of Section IX (AGENCY RELATIONSHIP - CONTINENTAL CASUALTY COMPANY - CONSTITUTION STATE SERVICE COMPANY), including Paragraphs A through C, do not warrant a response by the defendant.  Said allegations are addressed only to the defendant's co-defendants.  Any inference or statement within those allegations suggesting that the defendant is liable to the plaintiff, however, is specifically denied.

18.     The allegations of Section X (GOOD FAITH AND FAIR DEALING) do not warrant a response by the defendant.  Said allegations are addressed only to the defendant's co-defendants.  Any inference or statement within those allegations suggesting that the defendant is liable to the plaintiff, however, is specifically denied.

19.     The allegations of Section XI (NEGLIGENCE) do not warrant a response by the defendant.  Said allegations are addressed only to the defendant's co-defendants.  Any inference or statements within those allegations suggesting that the defendant is liable to the plaintiff, however, is specifically denied.

20.     The allegations of Section XII (FRAUD) do not warrant a response by the defendant.  Said allegations are addressed only to the defendant's co-defendants.  Any inference or statement within those allegations suggesting that the defendant is liable to the plaintiff, however, is specifically denied.

21.     The allegations of Section XIII (DAMAGES), including Paragraphs A through B, are denied.

22.     The allegations of Section XIV (PUNITIVE DAMAGES) are denied.

23.     The allegations of Section XXV (ATTORNEY FEES AND COSTS) are denied.

24.     The allegations of Section XXV (PRAYER), including subparagraphs (1) through (5), are denied.

25.     Any and all allegations of the Complaint, including its prayer for relief, not otherwise admitted above, are denied.

THIRD DEFENSE

At the time of the plaintiff's hire, and all relevant times thereafter, the plaintiff's former employer was a subscriber to workers' compensation insurance, and notice of its subscriber status was made known to its employees, including the plaintiff, in the manner required by law.  The plaintiff did not timely reject coverage under the Texas Workers' Compensation Act.  Accordingly, the plaintiff's causes of action are barred, in part, by the exclusivity provisions of the Texas Workers' Compensation Act.

FOURTH DEFENSE

The plaintiff's damages, if any, were the result of a work-related injury for which he may recover, if at all, only pursuant to the Texas Workers' Compensation Act.

## FIFTH DEFENSE

The punitive damages claimed by the plaintiff are unconstitutional, arbitrary, unreasonable, excessive and violate the defendant's rights under the Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution and Article I, Section XIII of the Texas Constitution.

## SIXTH DEFENSE

The plaintiff has failed to exercise reasonable diligence in mitigating his damages, and the plaintiff's former employer is entitled to an offset for all wages earned or which reasonably should have been earned by the plaintiff following his employment.

## SEVENTH DEFENSE

The plaintiff's employment was terminated by the uniform application of a lawful, non-discriminatory and facially neutral attendance policy, for which termination the Defendant therefore cannot be liable.

## EIGHTH DEFENSE

The plaintiff's employment was terminated for lawful and non-discriminatory non-retaliatory reasons which were unrelated to his report of an injury and which would, in any event, justify his dismissal.

## NINTH DEFENSE

The defendant presently is without information as to the availability and applicability of any other affirmative defenses in addition to those pled above and expressly reserves the right to amend this Answer to plead any other affirmative defenses or matters of avoidance required by Rule 8(c) of the Federal Rules of Civil Procedure which may be revealed as discovery progresses.

WHEREFORE, the defendant, having answered, prays that the plaintiff take nothing on his causes of action and that the defendant be allowed to go hence with its costs, and further be granted general relief.

Respectfully submitted,

Raymond A. Cowley
attorney-in-charge
State Bar I.D. No. 04932400
Federal I.D. No. 8642

R. Patrick Rodriguez
State Bar I.D. No. 24002861
Federal I.D. No. 22949

4900 A-2 N. 10th Street
McAllen, Texas 78504
Telephone:  (956) 686-1287
Telefax:    (956) 686-6197

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY, LLP**

John R. Bode
(pro hac vice application pending)
Suite 1000, Volunteer Building
832 Georgia Avenue
Chattanooga, TN  37402
Telephone:  (423) 756-6600
Telefax:    (423) 785-8480

ATTORNEYS FOR DEFENDANT,
THE LAREDO COCA-COLA BOTTLING
COMPANY, INC.

OF COUNSEL:

**MILLER & MARTIN LLP**

## CERTIFICATE OF SERVICE

I, R. Patrick Rodriguez, hereby certify that a true and correct copy of the foregoing document has

been forwarded by certified mail, return receipt requested, to the following counsel of record, on the

____ day of _____, 2000.

> Miguel A. Saldaña, Esq.
> Corporate Plaza, Suite 109
> 302 Kings Highway
> Brownsville, TX 78521
>
> Mr. David N. Kitner
> Strasburger & Price, LLP
> 901 Main Street, Suite 4300
> Dallas, TX 75202

R. Patrick Rodriguez

ClibPDF - www.fastio.com