IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 6 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| NOEL ESPINOZA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. B-00-142 |
| ) | |
| THE LAREDO COCA-COLA BOTTLING ) | |
| COMPANY INC., CONTINENTAL ) | |
| CASUALTY COMPANY ) | |
| and CONSTITUTION STATE SERVICE ) | |
| COMPANY, ) | |
| Defendants. ) | |

## DEFENDANT THE LAREDO COCA-COLA BOTTLING COMPANY INC.'S MOTION FOR SEVERANCE

TO THE HONORABLE JUDGE OF SAID COURT:

THE LAREDO COLA-COLA BOTTLING, INC., one of the Defendants, herein referred to as "This Defendant," pursuant to Rule 21, Federal Rules of Civil Procedure, and moves the Court to sever the claims brought against it, and in support respectfully shows:

1.  This is a lawsuit in which the Plaintiff alleges breach of the duty of good faith and fair dealing, negligence, and fraud as against the workers' compensation carrier and adjuster, and in which the Plaintiff alleges violations of Section 451.001 of the Texas Labor Code and of the Family and Medical Leave Act (FMLA) as against This Defendant, an entity alleged by the Plaintiff to be his prior employer. As the following will show, the claims brought against This Defendant should be severed from the claims brought against the workers' compensation carrier and adjuster.

coke/espinoza m/severance

2.Federal Rule of Civil Procedure 21 provides that any claim against a party can be severed and proceeded with separately. Fed. R. Civ. P. 21. When severance is made under Rule 21, two distinct and separate lawsuits are created, each of which will eventually lead to a final, appealable judgment. Allied Elevator, Inc. v. East Tex. State Bank of Buna, 965 F.2d 34, 36 (5th Cir. 1992); United States v. O'Neil, 709 F.2d 361, 368 (5th Cir. 1983). The district court has broad discretion in determining whether to sever claims, and may do so when they are misjoined or might otherwise cause delay or prejudice. Kumar v. Hyundai Semiconductors, Inc., No. Civ.A.3:97-CV-1947-L, 1999 WL 202543, at *1 (N.D. Tex., Mar. 31, 1999) (citing Applewhite v. Reichhold Chems., Inc., 67 F.3d 571, 574 (5th Cir. 1995); Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994) ("The determination whether to grant a motion to sever a counterclaim rests with the broad discretion of the court... A district court may order severance when it determines that severance is in 'furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition of economy.'"); F.D.I.C. v. Selaiden Builders, Inc., 973 F.2d 1249, 1253 (5th Cir. 1992), cert. denied, 507 U.S. 1051 (1993)). "A decision regarding severance balances convenience and judicial economy against the dangers of prejudice and juror confusion." Kumar, 1999 WL 202543, at *1 (citing Hanley v. First Investors Corp., 151 F.R.D. 76, 80 (E.D. Tex. 1993). "The court should also consider whether the claims are logically separable." Id. (citing O'Neil, 709 F.2d at 367). In the matter now before the Court, the claims brought against This Defendant, without question, meet the above requirements and should, therefore, be severed and tried separately.

3.For example, the Plaintiff has brought against This Defendant a claim of retaliatory discharge under Section 451.001 of the Texas Labor Code, which prohibits discharge or other discrimination in retaliation for asserting rights protected by the Texas Workers' Compensation Act. Such a claim can only be brought against an employer, and therefore has no applicability whatsoever as to the workers' compensation carrier or adjuster, or as to any party

coke/espinoza m/severance

other than the Plaintiff's employer. See Van Honhorst v. University of North Tex., 983 S.W.2d 872, 875 (Tex. App. Fort Worth, 1998, no writ). Such a claim very obviously could, moreover, be brought independently of a claim pertaining to coverage or to the carrier's or adjuster's alleged bad faith, negligence, or fraud. Such claims pertaining to workers' compensation carriers and adjusters similarly have no relation whatsoever to claims brought under the FMLA. In addition, the facts, if any, supporting or refuting such a Section 451.001 claim or FMLA claim are entirely separate from those pertaining to compensability for an injury or the administration of a workers' compensation claim.

4. In addition, matters pertaining to delay or denial of coverage by a workers' compensation carrier or adjuster would necessarily cause confusion to a jury, when considered along with evidence of whether or not the employer had discriminated against the Plaintiff in retaliation for asserting rights protected by Section 451.001 or whether or not the employer had violated the FMLA, and such confusion could, in turn, readily result in unfair prejudice against the employer. See, e.g., Dal-Briar Corp. v. Baskette, 833 S.W.2d 612, 615 (Tex. App. – El Paso 1992, no writ).

5. Inasmuch, then, as the Section 451.001 and FMLA claims clearly satisfy the Fifth Circuit's standards for severability, and inasmuch as a failure to sever the Section 451.001 and FMLA claims almost surely would result in jury confusion and unfair prejudice, the claims brought against This Defendant should be severed and tried separately.

6. WHEREFORE, Defendant The Laredo Coca-Cola Bottling Company, Inc. respectfully requests that the Court enter an order that the claims brought against This Defendant be severed, be assigned a separate cause number, and be tried separately.

coke/espinoza m/severance

                                  Respectfully submitted,

                                  *[signature]*

                                  Raymond A. Cowley
                                  State Bar No.: 04932400
                                  Federal Bar No.: 8642
                                  R. Patrick Rodriguez
                                  State Bar No.: 24002861
                                  Federal Bar No.: 22949

                                  4900 North Tenth Street
                                  Building A-2
                                  McAllen, Texas 78504
                                  Telephone: (956) 686-1287
                                  Facsimile: (956) 686-6197

**OF COUNSEL:**
RODRIGUEZ, COLVIN & CHANEY LLP

                                  John R. Bode
                                  (*pro hac vice* application pending)
                                  Carolyne S. Beaty
                                  (*pro hac vice* application pending)
                                  Suite 1000, Volunteer Building
                                  832 Georgia Avenue
                                  Chattanooga, Tennessee 37402
                                  Telephone No.: (423) 756-6600
                                  Facsimile No.: (423) 785-8480

**OF COUNSEL:**
MILLER & MARTIN LLP

                                  ATTORNEYS FOR DEFENDANT,
                                  THE LAREDO COCA-COLA BOTTLING
                                  COMPANY, INC.

coke/espinoza m/severance

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for the plaintiff and he is opposed to this motion.

                                                                                    _____
                                                                                    Raymond A. Cowley


## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, on the ___11___ day of January, 2001.

       Miguel A. Saldaña, Esq.
       Law Office of Miguel A. Saldaña
       Corporate Plaza, Suite 109
       302 Kings Highway
       Brownsville, TX  78521

       David N. Kitner, Esq.
       Strasburger & Price, LLP
       901 Main Street, Suite 4300
       Dallas, TX  75202

                                                                                    _____
                                                                                    Raymond A. Cowley

Document2