26

| | |
|---|---|
| State of Texas | § § |
| Cameron County | § |

CAB-00-142

United States District Court
Southern District of Texas
FILED

AUG 1 6 2001

Michael N. Milby
Clerk of Court

## AFFIDAVIT OF NOEL ESPINOZA

My name is Noel Espinoza. I am the Plaintiff in Civil Action No. B-00-142 styled Noel Espinoza vs. The Laredo Coca-Cola Bottling Co. Inc., et al. I am over the age of eighteen and fully competent to make this affidavit. The following statements provided are based on my personal first hand knowledge.

I have reviewed Defendant's Motion for Summary Judgment submitted by The Laredo Coca-Cola Bottling Company, Inc. and the exhibits and attachments provided with the motion.

One of the documents that I reviewed was the affidavit of Pete Carreon III. Concerning Mr. Carreon's first assertion at paragraph 7 of his affidavit, I hereby state under oath that I never saw Exhibit 1 styled "Your Rights under the Family and Medical Act Leave of 1993". The bulletin board at the San Benito Facility was always full of postings. The postings that most employees and myself were interested in were those concerning job openings and promotions. I would look at the board mainly when a job opening was announced by management and about once a month thereafter to see who got the job. I do remember seeing some signs from the Equal Employment Opportunity Commission concerning discrimination. The very first time I ever heard about the FMLA was when I consulted the Texas Workforce Commission in May of 2000. It was at that time

AFFIDAVIT OF NOEL ESPINOZA                                            1

that I was informed by the commission that I had certain rights under the FMLA and that those rights may have been violated by Laredo Coca-Cola.

Regarding paragraph 8 of Mr. Carreon's affidavit I swear under oath that I did not received the document in Exhibit 2 styled Family and Medical Leave. Additionally, I did not receive Exhibit 3, the document styled Interoffice Memo dated August 15, 1995 also part of exhibit 2. Neither did I receive the rest of Exhibit 2 styled Coca-Cola Enterprises Inc. Family and Medical Leave Act Policy. I noticed on the Interoffice Memo a hand written notation stating "with pay check of 08/17/95." Employees of Laredo Coca-cola would receive their pay checks in a regular, sealed business envelope. The Interoffice memo and attachment cited would have created substantial bulk and I never received a pay check envelope with such bulk. The only thing that was occasionally included in the pay checks were a one or two page company newsletter and the one page notice of the Christmas party. Occasionally we would also receive a one page notice of a company dinner for having reached our quotas.

Regarding Exhibit 4, I do acknowledge receiving the document styled Acknowledgment of Receipt of the Employee Benefits Binder. I received and signed this in March of 1991. I hereby state under oath that what I received was a summary of my insurance benefits with Laredo Coca-Cola which included information on my medical insurance benefits, dental, disability, life insurance and other coverages available. This binder provided information concerning different options concerning the available insurance that employees could

AFFIDAVIT OF NOEL ESPINOZA                                                                 2

choose. It did not include any notice of FMLA rights or did it include any notice of company policy regarding the alleged twelve month company leave of absence.

As to Exhibit 5 attached to Mr. Carreon's affidavit with a date of April 5, 1999, I hereby swear under oath that I never received any such document. Exhibit 5 does not have my name and I never saw this document until my attorney showed it to me when it was produced by Laredo Coca-Cola. Additionally, Exhibit 5 appears to prognosticate my accident by approximately 5 days. My date of injury was April 10, 1999.

Additionally, I would like to state that Mr. Carreon did not come to work for Human Resources in McAllen until sometime after my injury of April 10, 1999.

Furthermore, after reviewing the Exhibits provided in Mr. Carreon's affidavit I do not see anywhere that an employee is noticed that they will be terminated after a twelve month leave of absence.

Additionally, I would like to say that I only had three contacts with Laredo Coca-Ccola after my injury. Sometime in December of 1999 I called Human Resources and talked to Janie Olmos. I asked her what was taking so long about having my surgery approved. She replied "you know that's right I don't know what is taking so long." I then told her that one of my doctors wanted to put injections into my back to which she replied " I wouldn't do it, remember what happened to Diana Casas, she had to keep getting them over and over and they

AFFIDAVIT OF NOEL ESPINOZA                                                      3

never did her any good" She finished by saying she didn't know what was happening with my claim.

The second conversation with Laredo Coca-Cola also occurred in December of 1999. Again I called Janie Olmos and I inquired of her if I was going to be paid for my vacation time, three weeks of which I had accumulated. She replied that she would send me my vacation checks week by week which she did and which I had to pick up at the San Benito plant.

My last conversation with Coca-cola was after I was fired in April of 2000. Sometime in late April 2000 I called and again spoke with Janie Olmos. I inquired about some 400 plus hours of sick leave that I had accumulated. Her response was "well since you have been terminated you have lost those hours."

**Further This Affiant saith not.**

_____
NOEL ESPINOZA

SUBSCRIBE AND SWORN TO BEFORE ME this 6th day of July, 2001, by **NOEL ESPINOZA** to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC, STATE OF TEXAS

LUPITA ROCHA
Notary Public, State of Texas
My Commission Expires
May 21, 2005

AFFIDAVIT OF NOEL ESPINOZA                                    4