28

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NOEL ESPINOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  B-00-142 |
| | § | |
| THE LAREDO COCA COLA BOTTLING | § | |
| COMPANY, CONTINENTAL CASUALTY | § | |
| COMPANY AND CONSTITUTION | § | |
| STATE SERVICE COMPANY | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**DAVID N. KITNER**
State Bar No. 11541500
Southern District No. 2669
**AMANDA STAMPS**
State Bar No. 24013553
Southern District No. 27023

STRASBURGER & PRICE. L.L.P.
901 Main Street, Suite 4300
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile:  (214) 651-4330

ATTORNEYS FOR DEFENDANTS
CONTINENTAL CASUALTY COMPANY
AND CONSTITUTION STATE SERVICE
COMPANY

# TABLE OF CONTENTS

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     I.     Both The Injured Employee and The Workers' Compensation Carrier
            Have A Right to Request A Second Opinion When an Injured Employee's
            Treating Doctor Recommends Spinal Surgery. . . . . . . . . . . . . . . . . . . . 6

     II.     This Court Must Grant Summary Judgment Because All of Espinoza's
            Causes of Action Fail. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

         A.     Continental Did Not Breach the Duty of Good Faith and Fair
                 Dealing As There Was Never A Denial or Delay In Espinoza's
                 Workers' Compensation Benefits. . . . . . . . . . . . . . . . . . . . . . . . . 9

         B.     Texas Does Not Recognize Negligence Claims Against Workers'
                 Compensation Carriers. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

         C.     Espinoza Admits Defendants Never Made a Material
                 Misrepresentation to Espinoza; Therefore, Espinoza's Fraud Claim
                 Fails. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

                   -i-

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOEL ESPINOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  B-00-142 |
| | § | |
| THE LAREDO COCA COLA BOTTLING | § | |
| COMPANY, CONTINENTAL CASUALTY | § | |
| COMPANY AND CONSTITUTION | § | |
| STATE SERVICE COMPANY | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## SUMMARY OF ARGUMENT

The gravamen of Plaintiff Espinoza's claims[1] rests on his mistaken belief that a workers' compensation carrier cannot request a second opinion when an injured employee's treating doctor recommends spinal surgery for the employee.  As shown below, both the employee and the workers' compensation carrier can request a second opinion on the efficacy of spinal surgery.  In the instant case, Defendants Continental Casualty Company and Constitution State Service Company ("Continental" and

---

[1] Plaintiff Noel Espinoza ("Espinoza" or "Plaintiff") asserts causes of action against Defendants for breach of duty of good faith and fair dealing, negligence, and fraud. (Pl.'s Sec. Am. Comp. ¶¶ X, XI, XII, pp. 6-7.)

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND
CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 1

"Constitution," respectively, and "Defendants," collectively)[2] exercised their right to have a doctor issue a second opinion. The law entitles Defendants to such a second opinion. Moreover, at all times, Defendants followed the rules promulgated by the Texas Workers' Compensation Commission ("TWCC"). Accordingly, this Court must grant summary judgment on all claims in favor of Defendants because Espinoza simply has no cause of action against Defendants.

## ARGUMENT

Espinoza's entire Complaint rests on his admitted lack of understanding of workers' compensation law. Espinoza's Complaint is premised on his belief that a workers' compensation carrier cannot require an injured worker to get a second opinion regarding the advisability of spinal surgery and, to do so, constitutes a breach of good faith and fair dealing, negligence, and fraud. That premise is wrong. As discussed below, the TWCC's Rules specifically state that a workers' compensation carrier is entitled to a second opinion.

Espinoza's Complaint is also riddled with factual inaccuracies. Espinoza's Complaint craftily muddles facts in such a way that it appears Espinoza might have actually stated a claim. His case disintegrates, however, upon review of his deposition wherein he admitted that the factual allegations made in his Complaint are, for the most part, not true. The spurious facts in his Complaint are endless: first, Espinoza states

---

[2]Continental is the workers' compensation carrier for Espinoza's former employer, Laredo Coca Cola Bottling Company, Inc., ("Coca Cola"). Constitution administers workers' compensation claims for Continental.

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 2

that Defendants "unreasonably" required and materially misrepresented that four

doctors' opinions were necessary to determine whether his condition warranted back

surgery. (Pl.'s Sec. Am. Pet. pp. 6-7.) Second, Espinoza contends that none of the

second opinion doctors was selected by him. (Pl.'s Sec. Am. Pet. p. 7.) Third, he

claims that Defendants did not approve Espinoza's back surgery until the Defendants

were ordered to do so by the TWCC. (Pl.'s Sec. Am. Pet. pp. 6-7.) Fourth, Espinoza

asserts that the list of second opinion doctors provided to him was created by

Constitution. Fifth, Espinoza claims that Constitution was negligent in not providing the

TWCC with one of the second opinion reports in a timely manner. (Pl.'s Sec. Am. Pet.

p. 7.)[3]

    With regard to the factual allegations, Espinoza now admits that many of the

averments in his Complaint are not correct. The true facts are as follows:

    1) On April 12, 1999, Espinoza saw Dr. Atkinson about his work-related back

injury. (Pl.'s Dep. p. 40.) Dr. Atkinson referred Espinoza to Dr. Pisharodi, whom

Espinoza saw on May 7, 1999. (Pl.'s Dep. pp. 161, 179.)

    2) On September 7, 1999, after unsuccessfully treating Espinoza with a

conservative, non-invasive protocol, Dr. Pisharodi recommended back surgery to

Espinoza. (Pl.'s Dep. pp. 189-90.)

    3) Espinoza wanted a second opinion and chose on his own accord, Dr.

Tijerina, whom he visited on September 27, 1999. (Pl.'s Dep. p. 192.) Dr. Tijerina

---

[3]Pursuant to workers' compensation law, the second opinion doctor, not the carrier, provides the doctor's report to the TWCC. 28 Tex. Admin. Code § 133.206(i)(2).

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND
CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 3

agreed with Dr. Pisharodi's back surgery recommendation. (Pl.'s Dep. p. 194.) Neither Coca Cola, Continental, nor Constitution required or arranged this visit with Dr. Tijerina. (Pl.'s Dep. p. 253.)

4) On October 11, 1999, Espinoza advised Dr. Pisharodi of Dr. Tijerina's assessment. Dr. Pisharodi informed Espinoza that to receive workers' compensation benefits that two second opinions—one from a doctor of Espinoza's choosing and another from a doctor of the insurance company's choosing—would be needed in order for the TWCC to approve Espinoza's spinal surgery. (Pl.'s Dep. pp. 201-02.) Because Dr. Tijerina was not on the TWCC's list of approved doctors who can render a second opinion regarding spinal surgery, Dr. Pisharodi informed Espinoza that he would have to select another doctor -- this time from the TWCC's list -- for a second opinion. (Pl.'s Dep. pp. 196, 205-06, 254, Ex. 8.)

5) From the TWCC's list of five approved spinal surgery doctors, Espinoza personally selected Dr. Pacheco. (Pl.'s Dep. pp. 200, 253.) On October 22, 1999, Espinoza visited Dr. Pacheco. He concurred with the surgery recommendation. (Pl.'s Dep. pp. 198, 206.)

6) In accordance with 28 Tex. Admin. Code § 133.206(f), the TWCC informed Defendants by letter that Espinoza's treating physician had recommended surgery and enclosed a list of five doctors from which Defendants could choose their second opinion doctor.

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 4

7)  Defendants, as provided for by 28 Tex. Admin. Code § 133.206(a)(5), exercised their second opinion right and selected Dr. Pechero from the TWCC's list. Defendants made an appointment for Espinoza with Dr. Pechero on November 11, 1999, and advised Espinoza.[4]  (Pl.'s Dep. pp. 201, 204, 206-11, Ex. 9.)  Dr. Pechero was the only doctor that Defendants ever required Espinoza to visit. (Pl.'s Dep. pp. 253-54.)

First, as shown in Espinoza's deposition, Defendants required Espinoza to visit only one doctor, not four.  Defendants' request was not unreasonable.  To the contrary, the TWCC's Rules specifically provide for second opinions for spinal surgery.  Second, Espinoza freely chose his second opinion doctor from the list provided by the TWCC. Third, with regard to Espinoza's allegation that Defendants did not approve his back surgery until the TWCC ordered them to do so, this allegation is entirely disingenuous in light of the role that the TWCC plays in approving spinal surgery and notifying the parties of the doctors' findings.  The TWCC never "ordered" Defendants to approve Espinoza's back surgery.  In fact, quite the opposite is true.  As of November 30, 1999, the TWCC's second opinion process was complete.  Espinoza had selected from the TWCC's list Dr. Pacheco for his second opinion.  Defendants had selected from the TWCC's list Dr. Pechero for their second opinion.  After Drs. Pacheco and Pechero reported their recommendations to the TWCC, as was their responsibility under the TWCC's rules to do, the TWCC, on February 9, 2000, issued its findings:  two doctors

---

[4]Dr. Pechero's office later changed that appointment to November 30, 1999. (Pl.'s Dep. pp. 209-10.)

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND
CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 5

were in favor of spinal surgery and one was opposed. The TWCC, thus, approved

Espinoza's back surgery but also stated that the workers' compensation carrier had a

right to appeal the TWCC's decision by requesting a hearing within 10 days. (Pl.'s

Dep. Ex 12.)  Defendants, however, did not appeal the TWCC's surgery finding. On

February 14, 2000, five days after the TWCC's decision, Espinoza learned of the

Defendants' decision not to appeal the surgery recommendation. (Pl.'s Dep. p. 242.)

Espinoza underwent back surgery on March 2, 2000, a date selected by Espinoza and

Dr. Pisharodi. (Pl.'s Dep. p. 242.)  Simply put, the TWCC never had to "order" the

Defendants to authorize Espinoza's spinal surgery.

The above facts illustrate that, for any material allegations, Espinoza's

Complaint is not true. The true facts reveal that Espinoza, not Defendants, personally

selected three of the four doctors he visited. Defendants, as allowed by the TWCC's

rules, required Espinoza to see only one doctor for a second opinion. The second

opinion doctors, not the Defendants, whom the TWCC's Rules charge with reporting

their findings to the TWCC (as further discussed below), reported their findings to the

TWCC. Once the TWCC notified Defendants that it had approved the surgery,

Defendants had ten days to appeal the TWCC's decision. Defendants did not appeal

but rather approved the surgery five days later. While Espinoza complains of delay,

Defendants' decision not to appeal actually pushed up Espinoza's surgery. Espinoza's

argument that Defendants caused Espinoza any delay is just wrong.

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND
CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 6

662616 1/SP0/83395/1884/09072001

I.    **Both The Injured Employee and The Workers' Compensation Carrier Have A Right to Request A Second Opinion When an Injured Employee's Treating Doctor Recommends Spinal Surgery.**

Noel Espinoza apparently believes that a workers' compensation carrier cannot solicit a second opinion when an injured employee's doctor recommends spinal surgery. Unfortunately for Espinoza, this is simply not what the workers' compensation law provides. Both an injured employee and a workers' compensation carrier have a right to request a second opinion when a treating physician recommends that an injured employee undergo spinal surgery. 28 Tex. Admin. Code § 133.206(e)(2). When seeking a second opinion, both the employee and the carrier must select the second opinion doctor from a list of qualified doctors maintained by the TWCC. 28 Tex. Admin. Code § 133.206(c). If the employee wishes to have a second opinion, he or his treating physician must notify the TWCC and request the list of qualified doctors. 28 Tex. Admin. Code § 133.206(e)(2). The treating physician then must submit a form to the TWCC with the name of the second opinion doctor chosen by the employee as well as information regarding when the second opinion appointment will take place. 28 Tex. Admin. Code § 133.206(e)(2). The second opinion appointment must occur within thirty days of the treating physician's submission of this form. 28 Tex. Admin. Code § 133.206(e)(2).

Once the TWCC receives the treating physician's form recommending spinal surgery, the TWCC informs the carrier of the recommendation. 28 Tex. Admin. Code § 133.206(f). The TWCC simultaneously provides the carrier with a list of five doctors

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND
CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT - Page 7**

from which to select a second opinion doctor should the carrier elect to do so. 28 Tex. Admin. Code § 133.206(f). This option must be exercised by the carrier within fourteen days. 28 Tex. Admin. Code § 133.206(a)(5). If done, the carrier then schedules an appointment for its second opinion doctor to examine the injured employee. 28 Tex. Admin. Code § 133.206(g)(2). Then, the carrier notifies the employee of the appointment   28 Tex. Admin. Code § 133.206(g)(4).

A second opinion doctor, whether selected by the carrier or the employee, must call the TWCC within two days of his examination and report whether he concurs with the surgery recommendation. 28 Tex. Admin. Code § 133.206(i)(2). The second opinion doctor must also submit a narrative report to the TWCC, the carrier, and treating doctor within ten days of the examination summarizing his findings. 28 Tex. Admin. Code § 133.206(i)(2). If both doctors concur with the surgery recommendation, a carrier must generally pay for the reasonable and necessary costs of spinal surgery. 28 Tex. Admin. Code § 133.206(b)(1). If only one of the two doctors' second opinions concurs, the carrier has a right to request a contested case hearing to resolve the issue of whether the carrier will be liable for surgery. 28 Tex. Admin. Code § 133.206(k)(2). The request for this hearing must be filed within ten days after receipt of notice from the TWCC as to its decision to approve surgery. 28 Tex. Admin. Code § 133.206(k)(3). If the carrier fails to request a timely hearing or waives its right to do so, the carrier is liable for the cost of the spinal surgery. 28 Tex. Admin. Code § 133.206(b).

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 8

662616 1/SPO/83395/1884/09072001

As shown, Defendants at all times acted in accordance with the TWCC's Rules pertaining to spinal surgery.  Defendants exercised their right to obtain a second opinion regarding Espinoza's treating physician's recommendation for spinal surgery. Defendants chose their second-opinion doctor from the list of qualified spinal doctors maintained by the TWCC.  (Pl.'s Dep. pp. 201-04, Ex. 9.)  Defendants scheduled an appointment for Espinoza with that physician, Dr. Pechero, and informed Espinoza of that appointment.  (Pl.'s Dep. pp. 206-11, Ex. 9.)  After the TWCC received the information from the second opinion doctors and notified Defendants of the two-to-one split in favor of spinal surgery, Defendants opted not to appeal the TWCC's approval of Espinoza's spinal surgery.  (Pl.'s Dep. p. 242, Ex. 12.)  Even Espinoza admits that if the law provides for second opinions on spinal surgery that he simply does not have a claim against Defendants:

> Q:     Now, once that [second opinion] process is completed whereby the insurance company has a doctor look at you and you get a doctor to look at you of your own choosing and it's up to the Workers' Compensation Commission to decide [whether to allow the surgery] -- and that's what happened here - tell me, what is the complaint you have regarding this insurance company?
> A:     None.

(Pl.'s Dep. pp. 259-60).  Accordingly, this Court must grant summary judgment as Espinoza bases his entire lawsuit on his misunderstanding that workers' compensation carriers cannot request second opinions on the efficacy of spinal surgery.

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 9

II.    **This Court Must Grant Summary Judgment Because All of Espinoza's Causes of Action Fail.**

A.    **Continental Did Not Breach the Duty of Good Faith and Fair Dealing As There Was Never A Denial or Delay In Espinoza's Workers' Compensation Benefits.**

To prevail on a claim for breach of duty of good faith and fair dealing, a plaintiff must establish (1) the absence of a reasonable basis for denying or delaying payment under the policy, and (2) the insurer knew or should have known that it was reasonably clear that the claim was covered.[5] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48 (Tex. 1997). Prior to determining whether the insurer's actions were "reasonable," a plaintiff must first show that payment was either denied or delayed. Absent a denial or delay in payment of benefits, an insurer cannot be found to breach the duty of good faith and fair dealing. *Tillerson v. Kemper Nat'l. Ins. Co.*, No. 14-97-00918-CV, 1999 Tex. App. LEXIS 3394, at *1, *6-7 (Tex. App. Houston [14th Dist.] May 6, 1999)(unpublished). Thus, Espinoza must first show that Continental either denied or delayed payment of Espinoza's workers' compensation benefits. *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)(holding pleadings are not evidence). Espinoza cannot do so.

---

[5] Only a workers' compensation carrier can be liable for breach of duty of good faith and fair dealing. An independent adjuster such as Constitution cannot be liable. *Natividad v. Alexis, Inc.*, 875 S.W.2d 695 (Tex. 1994). Thus, Espinoza's claim against Constitution fails to state a claim upon which relief can be granted.

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND
CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 10

At all times he was eligible, Espinoza received workers' compensation. (Pl.'s Dep. p. 173.) Espinoza's medical bills were also paid. (Pl.'s Dep. pp. 177-78.) Espinoza can point to no actionable delay in benefits because there was none.

Continental exercised its right to have a second opinion. Continental elected not to appeal the TWCC's recommendation of spinal surgery after the second opinion process was completed. (Pl.'s Dep. pp. 259-60.) There can be no breach based on the time period during the second opinion process and the appeal process. Hence, Espinoza's bad faith claim fails as a matter of law.

## B.   Texas Does Not Recognize Negligence Claims Against Workers' Compensation Carriers.

A plaintiff cannot maintain a negligence cause of action against a workers' compensation carrier.[6] Other than the common law duty of good faith and fair dealing that is owed by workers' compensation carriers, as discussed above, Defendants owed no additional duty to Espinoza that would support his negligence claim.[7] *Giles,* 950 S.W.2d at 54; *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987); *Withrow v. State Farm Lloyds,* 990 S.W.2d 432, 437 (Tex. App. - Texarkana, 1999, pet. filed).

---

[6] For a negligence cause of action, Espinoza would have to show (1) that Defendants owed Espinoza a legal duty for which they breached and that (2) Espinoza suffered damages (3) proximately caused by that breach. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex. 1990).

[7] As the Texas Supreme Court does not recognize a duty of good faith and fair dealing for workers' compensation adjusters, similarly a workers' compensation adjuster cannot be held liable for negligence either as a workers' compensation adjuster has no duty to the employee.

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND
CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 11

Espinoza argues that Defendants had a duty to "handle and adjust his claim in a reasonable and prudent manner." (Pl.'s Sec. Am. Pet. p. 7.)  The supposed "duty to handle and adjust" does not exist at common law. (Pl.'s Sec. Am. Pet. p. 7.)  To the extent that Espinoza complains about Defendants' handling of Espinoza's workers' compensation claim, this is subsumed in his claim for breach of duty of good faith and fair dealing (discussed above).  Thus, this Court must dismiss Espinoza's negligence cause of action as Texas law does not recognize a common law cause of action for negligence in this situation.  Moreover, even if a negligence cause of action did exist, Espinoza has no evidence that Defendants breached a "duty" as all benefits were timely paid and no benefits were ever denied.

**C.    Espinoza Admits Defendants Never Made a Material Misrepresentation to Espinoza; Therefore, Espinoza's Fraud Claim Fails.**

To establish a claim of fraud based on misrepresentation, a plaintiff must show:

(a)    a material representation was made;

(b)    it was false;

(c)    when the representation was made, the speaker knew it was false or the statement was made recklessly without any knowledge of its truth and as a positive assertion;

(d)    the speaker made the representation with the intent that it should be acted on by the other party;

(e)    the other party acted in reliance on the representation; and

(f)    the party thereby suffered injury.

*DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990).   In this case, when asked in his deposition to identify the material misrepresentation that Defendants made to him, Espinoza could not do so:

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 12

> Q:   In [the Complaint] it's stated that the insurance company made a false statement, a material misrepresentation to you.  Do you know what false statements or material misrepresentations the insurance company made to you?
> A:   No, sir.
> Q:   Did the insurance company ever state to you that a fourth opinion was necessary before the surgery would be approved?
> A:   No, sir.

(Pl.'s Dep. p. 260.) Thus, Espinoza's failure to identify a false, material

misrepresentation made by the Defendants dooms his fraud claim.  This Court must

grant summary judgment accordingly.

## CONCLUSION

In conclusion, Espinoza's causes of action for breach of good faith and fair

dealing, negligence, and fraud all fail.  Defendants never denied or delayed payments

to Espinoza.  Defendants only scheduled a second opinion regarding the spinal surgery

recommendation as allowable under Texas law.  Moreover, Defendants ultimately

decided to forego their right to appeal the TWCC's recommendation for spinal surgery.

This decision allowed Espinoza's surgery to occur sooner rather than later.  Moreover,

Espinoza's claims for negligence against Defendants and his claim for breach of duty of

good faith and fair dealing against Constitution fail to state a claim upon which relief

can be granted.  Finally, Espinoza can point to no false material misrepresentation that

Defendants ever made to him that would establish a fraud claim against Defendants.

Accordingly, this Court must grant summary judgment on all of Espinoza's claims.

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND
CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 13

662616 1/SPO/83395/1884/09072001

Respectfully submitted,

**DAVID N. KITNER**
State Bar No. 11541500
Southern District No. 2669
**AMANDA STAMPS**
State Bar No. 24013553
Southern District No. 27023

STRASBURGER & PRICE. L.L.P.
901 Main Street, Suite 4300
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile:  (214) 651-4330

ATTORNEYS FOR DEFENDANTS
CONTINENTAL CASUALTY COMPANY
AND CONSTITUTION STATE
SERVICE COMPANY

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND
CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 14

662616 1/SP0/83395/1884/09072001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, on this the ____7____ day of September, 2001, as indicated below:

Miguel A. Saldana                                          **VIA CMRRR**
302 Kings Highway, Suite 109
Brownsville, Texas 78521

Raymond A. Cowley                                       **VIA REGULAR MAIL**
Rodriguez Colvin & Chaney, L.L.P.
4900 A-2N Tenth Street
McAllen, Texas 78504

John Bode                                                       **VIA REGULAR MAIL**
Miller & Martin
1000 Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402

_____
DAVID N. KITNER

**DEFENDANTS CONTINENTAL CASUALTY COMPANY'S AND CONSTITUTION STATE SERVICE COMPANY'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** - Page 15

662616.1/SP0/83395/1884/09072001