3

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NOEL ESPINOZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. B-00-142 |
| | ) | |
| THE LAREDO COCA-COLA BOTTLING | ) | |
| COMPANY, INC., CONTINENTAL | ) | |
| CASUALTY COMPANY and | ) | |
| CONSTITUTION STATE SERVICE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT THE LAREDO COCA-COLA BOTTLING COMPANY, INC.'S FIRST MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

THE LAREDO COCA-COLA BOTTLING COMPANY, INC., the Defendant in the above entitled and numbered cause, moves the Court for an order in limine, restricting opposing counsel and witnesses called on behalf of opposing parties from mention of certain matters, and in support of this motion, shows the following:

I.

The matters described in Paragraph III below are not admissible in evidence for any purpose and have no bearing on the issues or the rights of the parties in this case.

II.

Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would prejudice the jury, and sustaining objections

to such questions, statements, or evidence will not prevent prejudice but will reinforce the development of questionable evidence.

## III.

The matters of information made the subject of this motion, and for which an order in limine is sought, are as follows:

    1.    Any argument or statement of counsel to the jury or jury panel, or testimony by the Plaintiff or by any non-party witness regarding discipline, discharge, criticism, or other adverse action taken against persons other than this Plaintiff, allegedly in violation of Section 451.001 of the Texas Labor Code, for the reason that such evidence is irrelevant, immaterial, and unfairly prejudicial, and the probative value, if any, is substantially outweighed by the risk of unfair prejudice. See, Johnson v. City of Houston, 928 S.W.2d 251, 253-54 (Tex. App. - Houston [14th Dist] 1996, no writ); Pacesetter Corp v. Barrickman, 885 S.W.2d 256, 263 (Tex. App. - Tyler 1994, no writ); Southwestern Bell Telephone v. Vollmer, 805 S.W.2d 825, 831 (Tex. App. - Corpus Christ; 1991, writ denied); Missouri Pacific Railroad Co. v. Roberts, 849 S.W.2d 367, 369 (Tex. App. - Eastland 1993, writ denied). See also, Rule 403, Tex. R. Civ. Evid.

    GRANTED _____    DENIED _____

    2.    Any argument or statement of counsel to the jury or jury panel, or testimony by the Plaintiff or of any non-party witness regarding discipline, discharge, criticism, or other adverse treatment unless and until there has first been testimony, admitted by the Court, that the circumstances of the person testifying or the person testified regarding are so similar as to make evidence of such treatment admissible. Southwestern Bell Telephone v. Vollmer, 805 S.W.2d 825, 831 (Tex. App. - Corpus Christi 1991, writ denied).

    GRANTED _____    DENIED _____

    3.    Counsel making reference to members of the jury by name, once the jury panel is seated, for the reason that referring to jury members by name following voir dire constitutes improper conduct on the part of an attorney.

    GRANTED _____    DENIED _____

    4.    Any reference by counsel or any witness to the determination of the Plaintiff's entitlement to unemployment benefits or to the determination that he was entitled to such benefits, as such a determination, by statute, may not be used as evidence in any other action or proceeding. Tex. Labor Code §213.007.

    GRANTED _____    DENIED _____

5. Any testimony by the Plaintiff or any lay witness that any physical illness was caused by stress or other emotional factor, unless or until such causation has been shown by competent medical evidence, as a layperson is not competent to testify to such matters.

GRANTED _____          DENIED _____

6. Any mention or evidence concerning the Defendant's wealth, assets, or net worth until after there has been a finding of liability and entitlement to punitive damages. Transportation Insurance Company v. Moriel, 37 Tex.S.Ct.J. 450 (Feb. 5, 1994).

GRANTED _____          DENIED _____

7. Any reference by the Plaintiff's counsel of the Defendant's failure to call a witness who was equally available to all parties. Texas Power & Light Company v. Walker, 559 S.W.2d 403 (Tex. Civ. App. - Texarkana 1977, no writ).

GRANTED _____          DENIED _____

8. The introduction of any document that has not been timely or properly disclosed and produced to the Defendant at least 30 days before trial. See e.g., Gee v. Liberty Mutual Fire Ins. Co., 765 S.W.2d 394, 395 (Tex. 1989).

GRANTED _____          DENIED _____

9. Requesting in front of the jury that the Defendant or their counsel produce any information or documents in their files.

GRANTED _____          DENIED _____

10. Any demand, reference or inference in the presence of the jury that the Defendant failed to provide all of the required discovery, or any statement or inference that the Defendant withheld any information, since the only purpose for such a request, demand, or inference would be to harass and embarrass the Defendant before the jury.

GRANTED _____          DENIED _____

11. Any mention that the Defendant, its attorneys or representatives, or any person testifying on the Defendant's behalf invoked the attorney/client privilege, or any other privilege during the course of this litigation. Fed. R. Civ. Evid. 513(a), (b).

GRANTED _____          DENIED _____

12. Any argument to jurors or prospective jurors that the jury apply the "Golden Rule" or put itself "in the Plaintiff's shoes," or that the jury is the "conscience of the community," or make other pleas intended to invoke a sense of community, loyalty, duty, or expectation on the part of the jury, for the reason that such arguments are not relevant, and any

conceivable probative value is significantly outweighed by the risk of unfair prejudice. <u>Westbrook v. General Tire and Rubber Company</u>, 754 F.2d 1233 (5th Cir. 1965); <u>Prudential Fire Insurance Company v. United Gas Corporation</u>, 199 S.W.2d 767 (Tex. 1946). Fed. R. Civ. Evid. 402 and 403.

GRANTED _____        DENIED _____

13.   Any reference to the questions ultimately submitted to the jury as being the Plaintiff's questions or the Defendant's questions, or otherwise identify any other questions with a particular party, or of the effect of their answers to questions ultimately given to them. <u>Magic Chef, Inc. v. Sibley</u>, 546 S.W.2d 851, 857 (Tex. App. San Antonio 1977, writ ref'd n.r.e.)

GRANTED _____        DENIED _____

IV.

With respect to any matter for which this Court grants the Defendant's Motion in Limine, it is requested that the Court order that the Plaintiff's attorney fully explain to the Plaintiff and to all of the Plaintiff's witnesses those matters for which comments and testimony are prohibited, and that the Plaintiff and his attorney be ordered by this Court not to comment on, ask questions about, testify to, offer evidence regarding, or otherwise in any fashion make known any such matter to the jurors or to prospective jurors, at any phase of this proceeding.

V.

Movant further requests that, if opposing counsel proposes a theory of admissibility concerning the matters set out in Paragraph III, the Court order that opposing counsel first request a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause.

WHEREFORE, the Defendant requests that this Court order that counsel for the Plaintiff, and, through counsel, any and all witnesses called on his behalf be instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary evidence, regarding any of the matters set forth in this motion.

4

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, LLP

By: /s/ Raymond A. Cowley by permission RPorter
Raymond A. Cowley
Attorney-in-Charge
State Bar I.D. No. 04932400
Federal I.D. No. 8642
Teri L. Danish
State Bar I.D. No. 05375320
Federal I.D. No. 12862

1201 East Van Buren
Brownsville, Texas 78520
Telephone: (956) 542-7441
Telefax: (956) 541-2170

--and--

MILLER & MARTIN LLP

John R. Bode
TN BPR No. 11415
Admitted Pro Hac Vice
Carolyne S. Beaty
TN BPR No. 19737
Admitted Pro Hac Vice

Suite 1000, Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402
Telephone: (423) 756-6600
Telefax: (423) 785-8480

ATTORNEYS FOR DEFENDANT,
THE LAREDO COCA-COLA BOTTLING
COMPANY, INC.

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that an exact copy of this pleading has been served upon counsel for all parties in this action, or upon said parties themselves as required by law, by delivering a copy thereof, or by depositing a copy of the same in the United States Mail, with sufficient postage affixed thereto to ensure delivery to the following on this __15th__ day of October, 2001:

    Miguel A. Saldaña, Esq.
    Corporate Plaza, Suite 109
    302 Kings Highway
    Brownsville, TX 78521

    David N. Kitner, Esq.
    Strasburger & Price, LLP
    901 Main Street, Suite 4300
    Dallas, TX 75202

_____
Raymond A. Cowley