# COPY



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

United States District Court
Southern District of Texas
FILED

OCT 1 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NOEL ESPINOZA,<br>*Plaintiff* | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. B-00-142 |
| THE LAREDO COCA COLA<br>BOTTLING COMPANY, INC.,<br>CONTINENTAL CASUALTY<br>COMPANY and CONSTITUTION<br>STATE SERVICE COMPANY,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ | |

## JOINT PRETRIAL ORDER

1.    APPEARANCE OF COUNSEL

FOR NOEL ESPINOZA, PLAINTIFF

Miguel A. Saldaña
State Bar I. D. No. 17529450
Federal I. D. No. 10954
LAW OFFICE OF MIGUEL A. SALDAÑA
Corporate Plaza, Suite 109
302 Kings Highway
Brownsville, Texas 78521
Telephone:    (956) 541-6555
Facsimile:    (956) 542-3651

FOR THE LAREDO COCA COLA BOTTLING COMPANY, INC.,

Mr. Raymond A. Cowley
State Bar I. D. No. 049324000
Federal I. D. No. 8642
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
4900 A-2 N. 10th Street
McAllen, Texas 78504
Telephone:    (956)542-7441
Telefax:    (956)541-2170

Mr. John R. Bode
Attorney-in-Charge
Federal I. D. No. 11415
Admitted Pro Hac Vice

Ms. Stacie L. Caraway
Federal I. D. No. 17287
Admitted Pro Hac Vice
Carolyne S. Beaty
Federal I. D. No.19737
Admitted Pro Hac Vice
MILLER & MILLER, L.L.P.
Suite 1000, Volunteer Building
832 Georgia Avenue
Chattanooga, TN  37402
Telephone:   (423) 756-6600
Telefax:       (423) 785-8480

Terri L. Danish,
State Bar I.D. No. 05375320
Federal I. D. No. 12862
1201 East Van Buren
Brownsville, Texas  78520
Telephone: (956) 542-7441
Telefax:       (956) 541-2170

FOR  CONTINENTAL CASUALTY COMPANY and CONSTITUTION
STATE SERVICE COMPANY, DEFENDANT

Mr. David N. Kitner
State Bar I. D. No.11541500
Federal I. D. No. 2669
Ms. Amanda Stamps
State Bar I. D. No. 24013553
Federal I. D. No.   27023
STRASBURGER & PRICE, L.L.P.
901 Main Street, Suite #4300
Dallas, Texas  75202
Telephone:   (214) 651-4752
Telefax:       (214) 651-4330

2.    STATEMENT OF THE CASE

This case involves Plaintiff's separation from employment while he was injured and receiving worker's compensation benefits pursuant §451.001 of the Texas Labor Code. Plaintiff also states a cause of action against his former employer for violations of the Family Medical Leave Act. (FMLA). Plaintiff states a cause of action against the worker's compensation carrier and adjuster company for fraud. Additionally, Plaintiff brings a cause of action against the worker's compensation carrier for breach of the duty of good faith and fair dealing.

On April 10, 1999, Plaintiff injured his back while on the job for Laredo Coca Cola Bottling Company.   On April 12, 1999, Plaintiff saw Dr. Atkinson about his back injury.  On April 14, 1999, two days after Plaintiff's notice of injury was filed, Constitution, the servicing company for Coca Cola's workers' compensation carrier Continental, sent Espinoza a letter informing him that as a result of his on-the-job injury that he could be entitled to workers' compensation. On May 7, 1999, Plaintiff visited Dr. Pisharodi upon Dr. Atkinson's  referral. Dr. Pisharodi thereafter became Plaintiff's treating physician for his back injury.    On September 7, 1999, after seeing little improvement in Plaintiff, Dr. Pisharodi recommended to Plaintiff that he have back surgery.   On September 27, 1999, Plaintiff, visited Dr. Tijerina who also agreed that Plaintiff required surgery.   The Texas Workers' Compensation Commission must approve all spinal surgeries for work-related injuries.   The Workers' Compensation Act provides that two second opinions are needed to approve spinal surgery.   The patient selects one second opinion doctor and the workers' compensation carrier selects the other. Constitution chose Dr. Pechero.  As of November 30, 1999, Plaintiff had completed the process of getting an opinion from, Dr. Pechero, a doctor of Constitution's choosing, and Dr. Pacheco-Serrant. On February 9, 2000, the TWCC issued its findings regarding the results of the spinal surgery second opinion process. The TWCC notified Plaintiff that of the three 0doctors' opinions, two were in favor of spinal surgery and one was opposed.  The TWCC, thus, authorized Plaintiff's back surgery with the caveat that Plaintiff's workers' compensation carrier could appeal its decision by requesting a Spinal Surgery Contested Case Hearing (SSCCH) within 10 days of receipt of the letter. On February 14, 2000, five days after the TWCC's decision, Plaintiff learned that Continental would not appeal the TWCC's authorization of back surgery. On March 2, 2000, Plaintiff underwent back surgery. On April 28, 2000, Coca Cola terminated Plaintiff's employment.

Plaintiff's former employer, Defendant Laredo Coca-Cola Bottling Company, denies that the termination of Plaintiff's employment was in any way related to the fact that he was injured on the job and/or had filed a workers' compensation claim in April of 1999.  At all times relevant to this lawsuit, Laredo Coca-Cola had a leave of absence policy in place which provided a medical leave of absence for up to twelve months which could be extended by approval of the Division Human Resources Director. Plaintiff in this case ceased working due to his injury on April 14, 1999.  He was then not released by his doctors to return to work within the following year.  Accordingly, when Plaintiff had been off from work for one year in April of 2000, his employment was terminated, allegedly pursuant to Laredo Coca-Cola's leave of absence policy.

Defendant Laredo Coca-Cola also denies that Plaintiff's termination constituted a violation of the Family and Medical Leave Act. The Family and Medical Leave Act provides employees with twelve weeks of job-protected leave. Plaintiff was given one year of leave before being terminated, such that his rights under the Family and Medical Leave Act were not violated. Plaintiff was also provided with notice that he was entitled to leave under the Family and Medical Leave Act.

3.   JURISDICTION

Plaintiffs allegations of violations of the Family Medical Leave act pose a federal question. The Court has pendant jurisdiction over the state law claims.

4.   MOTIONS

Defendants Coca-Cola, Constitution State Service Company and Continental Casualty have pending motions for summary judgment.

5.   CONTENTIONS OF THE PARTIES

Plaintiff's Contention

Plaintiff, a sixteen-year employee of Defendant Coca-Cola contends he was terminated by Coca-Cola in retaliation for having filed, in good faith, a claim for worker's compensation benefits policy in violation of §451 et al of the Texas Labor Code. Plaintiff contends that there exists no written policy specifically stating that an employee will be fired after being  on leave of absence for (12) twelve months. Plaintiff contends that he was never noticed by Coca-Cola of any alleged policy requiring that he be terminated after a (12) twelve month leave of absence.

Plaintiff further contends that he was never given notice by Coca-Cola of his rights under the Family Medical Leave Act (FMLA) 29 USC  §2601 et seq. and therefore was effectively denied his right to utilized his FMLA leave time to protect his employment with Coca-Cola and to effectivity utilized and arrange accordingly his medical leave, sick leave, accured vacation, and FMLA leave.

Plaintiff contends that Constitution State Service Company was the agent of Continental Casualty Company acting with full authority in adjusting Plaintiff's claim. Plaintiff contends that as agent for Continental, Constitution breached its common law duty of good faith and fair dealing in handling Plaintiff's claim by requiring four doctors' opinions before approving the back surgery for Plaintiff. Plaintiff contends that Constitution's actions caused the delay of  more than five months in the surgery which Plaintiff required. The delay also caused Plaintiff to become subject to Coca-Cola's alleged 12 month leave of absences policy.

Plaintiff contends that the unwarranted delay and representations that additional doctors' opinions were required constitutes fraud. Plaintiff relied on Constitutions representations which were made knowing they were unnecessary and false all to his damage. Plaintiff voluntarily withdraws his pleading of negligence.

### Defendants' Contentions

Defendants Constitution and Continental have not violated the law. At all times Espinoza was eligible for workers' compensation benefits, Defendants Constitution and Continental paid the compensation and medical benefits to which he was entitled.

The Texas Workers' Compensation Act provides that, when a doctor recommends spinal surgery for a patient who was involved in an on-the-job injury, that both the workers' compensation carrier and the employee can request a second opinion. Defendants Constitution and Continental requested a second opinion. They did not require Plaintiff to have four doctors' opinions as he claims. The only doctor that Defendants Continental and Constitution asked Plaintiff to see for a second opinion was Dr. Pechero. In addition, Defendants Constitution and Continental did not delay in any way Plaintiff's surgery. The Texas Workforce Commission must approve all spinal surgery. On February 9, 2000, the TWCC approved the spinal surgery. Defendants Continental and Constitution did not appeal the TWCC's decision as workers' compensation carriers are allowed to do. Plaintiff underwent back surgery on March 2, 2000, less than one month after this surgery was approved by the TWCC.

At all times relevant to this lawsuit, Defendant Laredo Coca-Cola Bottling Company ("Laredo Coke") had in place a leave of absence policy which provided that the maximum leave of absence an employee could take, regardless of the reason for the leave, was one year. There is no dispute in this case that Plaintiff was provided with a one-year leave of absence prior to being terminated from his employment with Laredo Coke. Plaintiff simply contends that he was not aware of this policy until he was terminated. This contention is irrelevant as a matter of law. Even if this contention by Plaintiff is accepted as true, Plaintiff's lack of knowledge does not establish a causal connection between his workers' compensation claim and his termination, as there is no indication in the record that Laredo Coke's leave of absence policy was adversely applied to those filing workers' compensation claims. Plaintiff also has no direct evidence of any retaliation based on his filing of a workers' compensation claim. Laredo Coke contends that all of its employees were provided with a copy of the employee handbook and the employee benefits binder which contained its leave of absence policy, and that such information was constantly available to Plaintiff through Laredo Coke's human resources office, whom he contacted on several occasions regarding other matters during his leave of absence. Moreover, Laredo Coke further contends that a letter was sent to Plaintiff near the beginning of his leave of absence explaining that his twelve months of company medical leave would run concurrently with the twelve weeks of leave provided under the federal Family and Medical Leave

Act ("FMLA"). Accordingly, there is no merit to Plaintiff's workers' compensation retaliatory discharge claim.

Plaintiff's FMLA violation claim is likewise groundless. Plaintiff is not alleging in this case that his substantive FMLA rights were violated. There is no dispute that he received not only the twelve weeks of job-protected leave provided by the FMLA, but one year of leave, as provided by Laredo Coke's company leave of absence policy. There is also no contradiction to Laredo Coke's contention that the FMLA posting which was issued by the U.S. Department of Labor was displayed at the San Benito facility at which Plaintiff was employed prior to the beginning of his leave of absence. Plaintiff simply maintains that he never took the time to notice this poster because "it didn't interest him." Even accepting Plaintiff's "I didn't see it" argument as being true, this "failure to notice" by Plaintiff does not constitute a failure to provide the notice required by § 2619(a) of the FMLA. Moreover, the FMLA does not provide a private cause of action for failure to notify employees of their rights per se. Under the current status of the law, failure to provide notice is only even potentially actionable if such failure caused the employee to forego the protections of the FMLA – for example, if Plaintiff in this case medically could have returned to work within twelve weeks, but did not do so because he did not know he only had twelve weeks of leave pursuant to the FMLA and then was terminated for his failure to return within this time. However, in the present action, it is undisputed that Plaintiff was not medically released to return to work until sixteen months after his leave of absence from Laredo Coke began. Accordingly, even if Plaintiff could somehow maintain that Laredo Coke failed to give him notice of his rights under the FMLA, he cannot show that he suffered any harm or was denied any right provided by the FMLA as the result of such failure. Plaintiff is thus foreclosed from maintaining any FMLA cause of action against Laredo Coke.

6.   ADMISSIONS OF FACT

   a)   Plaintiff began employment with defendant Coca-Cola on July 9, 1984.

   b)   Plaintiff injured his back on April 10, 1999.

   c)   Plaintiff injured his back while in the course and scope of his employment with Defendant Coca-Cola.

   d)   At the time of Plaintiff's injury, Coca-Cola was a subscriber to the Texas Worker's Compensation System.

   e)   At the time of Plaintiff's injury, Plaintiff was employed full time as a special events driver making $9.07 per hour.

f)    At the time of Plaintiff's injury, Plaintiff received fringe benefits from his employer including vacation, holidays, medical insurance, worker's compensation insurance and retirement benefits.

g)    Plaintiff's claim for worker's compensation benefits was filed in good faith.

h)    Plaintiff received worker's compensation benefits under the worker's compensation system as a result of his injury.

i)    On September 7, 1999, Dr. Pisharodi, a neurosurgeon, recommended that Plaintiff have back surgery.

j)    On September 27, 1999, Dr. Tijerina, a neurosurgeon, concurred with the surgery recommendation.

k)    On October 25, 1999, Plaintiff saw Dr. Pacheco-Serant, a neurosurgeon who concurred that surgery was needed.

l)    On November 30, 1999, Plaintiff visited Dr. Pechero, the doctor selected by Defendants Constitution and Continental for their second opinion.  This was the only doctor selected by Defendants Constitution and Continental.  Dr. Pechero did not agree that surgery was needed.

m)    On February 9, 2000, the Texas Worker's Compensation Commission approved Plaintiff's surgery.

n)    On February 9, 2000, Defendants Continental and Constitution did not exercise their right to appeal the TWCC's decision approving surgery.

o)    On March 2, 2000, surgery is performed on the Plaintiff's back.

p)    On April 28, 2000, Plaintiff's employment is terminated by Defendant Coca-Cola by letter of the same date.

q)    At the time of Plaintiff's discharge, Plaintiff was receiving worker's compensation benefits.  Plaintiff continued to receive such benefits after his discharge.

r)    On September 11, 2000, Plaintiff is released to return to work by his doctors.

s)    Plaintiff obtains part-time temporary employment in December of 2000 as a stocker at K-Mart working at $5.25 per hour working 36 to 38 hours per week.  Plaintiff works approximately three weeks.

<u>**PLAINTIFF'S MOTION FOR PRE-TRIAL CONFERENCE**</u>                                    **Page-7**

t)      On March 7, 2001, Plaintiff obtains a permanent full-time position with the Los Fresnos Independent School District at $5.25 per hour.

u)      Plaintiff is currently employed with the Los Fresnos Independent School District as a school bus driver at $7.06 per hour. He has been working at this rate of pay since September 1, 2001.

v)      Plaintiff was provided with a one-year leave of absence from his work for Defendant Coca-Cola prior to the termination of his employment in April of 2000.

w)      Plaintiff was not replaced in his position as special events driver until after he had been on leave for more than twelve weeks.

7.     CONTESTED ISSUES OF FACT

Defendants do not agree that any of the "contested issues of fact" are genuine issues of material fact relating to any issue of law presented by this case. The following are indeed "contested" issues of fact between the parties, but, from Defendants' perspective, are not relevant to or otherwise needed to resolve the questions of law at issue in this case.

a)      Was Dr. Eduardo Atkinson Defendant Coca-Cola's company doctor?

b)      Did Plaintiff select Dr. Atkinson as his independent doctor for purposes of regulations set by the Texas Worker's Compensation Commission?

c)      Did Plaintiff select Dr. Madhaven Pisharodi as his independent doctor for purposes of regulations set by the Texas Worker's Compensation Commission?

d)      Did Plaintiff select Dr. Humberto Tijerina as his independent doctor for purposes of regulations set by the Texas Worker's Compensation Commission.

f)      Did Plaintiff select Dr. Helson Pacheco-Serrant as his independent doctor for purposes of regulations set by the Texas Worker's Compensation Commission.

g)      Did The Laredo Coca-Cola have a uniform, non-discriminatory policy that requires that an employee be fired after a twelve-month leave of absence at the time of Plaintiff termination?

h)      Did The Laredo Coca-Cola give notice of the policy described in g) above to Plaintiff?

i)      Did Defendant The Laredo Coca-Cola attempt to reconcile with the Plaintiff any conflict or ambiguity between its twelve month leave of absence policy and the FMLA?

j)      Did Constitution's adjuster, Tamara Ross, have notice of Dr.'s. Pisharodi, Tijerina, and Pechero-Serrant's reports when she selected Dr. Ruben Pechero as Continental's and Constitution's independent doctor?

k)      In regards to Defendant The Laredo Coca-Cola, what are Plaintiff's damages, if any, for loss of wages and fringe benefits, diminished earning capacity, front pay and mental anguish in the past and future?

l)      In regards to Defendants Constitution and Continental, what are Plaintiff's damages, if any, for loss of wages and fringe benefits, diminished earning capacity, front pay, mental anguish in the past and future, physical pain and suffering in the past and future and physical impairment in the past and future?

m)      Did Constitution's actions in adjusting Plaintiff's claim cause an unnecessary  and unreasonable delay in Plaintiff's surgery?

n)      Did the delay described in m) above, if any, cause Plaintiff to be terminated by Defendant The Laredo Coca-Cola in April of 2000?

o)      Prior to the beginning of Plaintiff's leave of absence, was a poster entitled "Your Rights under the Family and Medical Leave Act of 1993" displayed on the employee bulletin board of the San Benito facility at which Plaintiff was employed?

p)      Was Plaintiff provided with a one-year leave of absence from his work for Defendant Coca-Cola prior to his termination?

q)      With regards to Defendants Constitution and Continental did they breach the duty of good faith and fair dealing or commit fraud.

8.    AGREED PROPOSITIONS OF LAW

a)      Both an injured employee and a workers' compensation carrier have a right to request a second opinion when a treating physician recommends that an

injure employee undergo spinal surgery.  28 Tex. Admin. Code § 133.206(e)(2).

b)    When seeking a second opinion, both the employee and the carrier must select the second opinion doctor from a list of qualified doctors maintained by the TWCC. 27 Tex. Admin. Code § 133.206(c).

c)    If the employee wishes to have a second opinion, he or his treating physician must notify the TWCC and request the list of qualified doctors.  28 Tex. Admin. Code § 133.206(e)(2).

d)    The treating physician then must submit a form to the TWCC with the name of the second opinion doctor chosen by the employee as well as information regarding when the second opinion appointment will take place. 28 Tex. Admin. Code § 133.206(e)(2).

e)    The second opinion appointment must occur within thirty days of the treating physician's submission of this form. 28 Tex. Admin. Code § 133.206(e)(2).

f)    Once the TWCC receives the treating physician's form recommending spinal surgery, the TWCC informs the carrier of the recommendation. 28 Tex. Admin. Code § 133.206(f).

g)    The TWCC simultaneously provides the carrier with  a list of five doctors from which to select a second opinion doctor should the carrier elect to do so. 28 Tex. Admin. Code § 133.206(f).

h)    This option must be exercised by the carrier within fourteen days. 28 Tex. Admin. Code § 133.206(a)(5).

i)    If done, the carrier then schedules an appointment for its second opinion doctor to examine the injured employee. 28 Tex. Admin. Code § 133.206(g)(2).

j)    Then, the carrier notifies the employee of the appointment. 28 Tex. Admin. Code § 133.206(g)(4).

k)    A second opinion doctor, whether selected by the carrier or the employee, must call the TWCC within two days of his examination and report whether he concurs with the surgery recommendation. 28 Tex. Admin. Code § 133.206(i)(2).

l)    The second opinion doctor must also submit a narrative report to the TWCC, the carrier, and treating doctor within ten days of the examination summarizing his findings. 28 Tex. Admin. Code § 133.206(i)(2).

**PLAINTIFF'S MOTION FOR  PRE-TRIAL CONFERENCE**           **Page-10**

m)   If both doctors concur with the surgery recommendation, a carrier must generally pay for the reasonable and necessary costs of spinal surgery. 28 Tex. Admin. Code § 133.206(b)(1).

n)   If only one of the two doctors' second opinions concurs, the carrier has a right to request a contested case hearing to resolve the issue of whether the carrier will be liable for surgery. 28 Tex. Admin. Code § 133.206(k)(2).

o)   The request for this hearing must be filed within ten days after receipt of notice from the TWCC as to its decision to approve surgery. 28 Tex. Admin. Code § 133.206(k)(3).

p)   If the carrier fails to request a timely hearing or waives its right to do so, the carrier is liable for the cost of the spinal surgery. 28 Tex. Admin. Code § 133.206(b).

r)   The Family and Medical Leave Act (FMLA) provides twelve weeks of job-protected leave to employees who have a serious medical condition.

s)   Texas is at-will employment state, such that employees can be terminated for any reason, at any time, or for no reason at all.  Section 451.001 of the Texas Labor Code provides an exception to this general rule by stating that employee may not be discharged or otherwise retaliated against because they make a claim for workers' compensation benefits.

t)   Not all employees who file a workers' compensation claim and , then are later terminated, have a claim for retaliation under Section 451. 001.

u)   In order to establish a claim for workers' compensation retaliation, an employee must show that, if he had not filed a worker's compensation claim, his discharge would not have occurred when it did.

9.   CONTESTED PROPOSITIONS OF LAW

a)   Was Plaintiff terminated from his employment by Defendant Coca-Cola in retaliation for having filed, in good faith, a claim for workers compensation?

b)   Did Defendant Continental by and through its authorized agent, Constitution,  breach its common law duty of good faith and fair dealing, in the manner in which the Plaintiff's workers compensation claim was adjusted?

c)  Did Constitution commit fraud in the adjusting of Plaintiff's claims?

d)  Did Defendant The Laredo Coca-Cola violate Plaintiff's FMLA rights?

e)  Did Defendant The Laredo Coca-Cola fail to give notice to Plaintiff of his rights under the FMLA such that Plaintiff forfetied any rights provided to him under the FMLA because of such failure?

f)  Did any knowledge by Constitution's adjuster regarding the opinion of the three other doctors constitute fraud on behalf of Constitution when the adjuster required the fourth opinion of Dr. Pechero?

g)  Did any knowledge by Constitution's adjuster regarding the opinion of the three other doctors constitute a breach of the convenant of good faith and fair dealing?

10.  EXHIBITS

Plaintiff's Exhibit list is attached as Exhibit A
Defendant's Coca-Cola as Exhibit B
Defendant's Constitution and Contienental asExhibit C
Are listed on separate sheet.

11.  WITNESSES

Plaintiff's witness list is attached as Exhibit D
Defendant's Coke witness list is attached as Exhibit E
Defendant's Coke witness list is attached as Exhibit F

a)  Mr. Noel Espinoza, Plaintiff will testify as to liability and damages.

b)  Maria Guadalupe Espinoza Plaintiff's wife will testify as to damages.

c)  Janie Olmos, employee of Defendant Coca-Cola, will testify as an adverse witness on the issue of liability.

d)  Pete Carrion, former employee of Coca-Cola will testify as an adverse witness and possibly by deposition testimony on the issue of liability.

e)  Tamara Ross, employee of Constitution, will testify as an adverse witness and possibly by deposition testimony on the issue of liability regarding defendants Constitution and Continental.

**PLAINTIFF'S MOTION FOR  PRE-TRIAL CONFERENCE**                    **Page-12**

For Defendant

"If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses."

Defendants Constitution, Continental The Laredo Coca-Cola reserve the right to call the witnesses listed by Plaintiff.

Alan Hardin, Senior Technical Specialist
Constitution State Service Company
P.O. Box 42927
Houston, Texas  77242-2927
(713) 787-4251
Mr. Hardin has knowledge concerning the handling of Plaintiff's Workers' Compensation claim.

Tamara L. Ross, Claim Representative
Constitution State Service Company
P.O. Box 42927
Houston, Texas  77242-2927
(713) 787-4093
Ms. Ross has knowledge concerning the handling of Plaintiff's Workers' Compensation claim.

Defendant Laredo Coca-Cola

Are listed on separate sheet.

12.    SETTLEMENT

All settlement efforts have been exhausted, the case cannot be settled, and will have to be tried.

13.    TRIAL

Plaintiff anticipates requiring two days to present it's case-in-chief.

Defendant Laredo Coca-Cola anticipates a day to present its case in chief.

Defendant Constitution and Continental anticipate their case in chief taking no longer than a half day.
All parties do not at this time anticipate any logistical problems.

| UNITED STATES DISTRICT COURT   *   SOUTHERN  DISTRICT OF TEXAS |
|---|

| Noel Espinoza<br><br>vs.<br><br>The Laredo Coca Cola Bottling Company Inc., et al | CASE NO. B-00-142 |
|---|---|
|  | Exhibit List |
| Judge Felix Recio | Case Manager:  Stella Cavazos<br>Court Reporter:  Breck Record |
| List of<br>Plaintiff Noel Espinoza | Proceeding            Date |

| Batch # | Exhibit No. | Description |
|---|---|---|
| A-001 | 1 | Employers First Report of Injury |
| A-009 | 2 | Employer Wage Information |
| A-012 | 3 | CSSC-Summary Page |
| B-001-003 | 4 | Medical Leave of Absence |
| B--004-006 | 5 | Family Medical Leave of Absence |
| B-007-B008 | 6 | Family and Medical Leave |
| B-009 | 7 | Acknowledgement of Receipt of Employee Benefits Binder |
| B-010 | 8 | Blank Form Letter |
| B-017-023 | 9 | FMLA Policy |
| C-032-C-035 | 10 | Hourly Performance Appraisal Coca-Cola Enterprises. Inc |
| C-036-C-039 | 11 | Hourly Performance Appraisal Coca-Cola Enterprises. Inc |
| C-040-C043 | 12 | Hourly Performance Appraisal Coca-Cola Enterprises. Inc |
| C-044-C-047 | 13 | Employee Performance Appraisal |
| C-050-C-051 | 14 | CCE Performance Review |
| C-056-C-057 | 15 | CCE Performance Review |
| C-058-C-059 | 16 | Perfomance Review |
| C-060-C-061 | 17 | Perfomance Review |
| C-062 | 18 | Commendation letter-Santillana |
| C-063 | 19 | Employee Counseling Notice |
| C-064 | 20 | Employee Counseling Notice |
| C-115-C-116 | 21 | Your Total Compensation |
| DEF-011 | 22 | 04/28/00- Letter of Termination |
| CS-00042 | 23 | 01/28/99 Letter of Tamara Ross |
| CS-00051 | 24 | Recommendation for Spinal |
| CS-0075 | 25 | Result of Spinal Surgery |
|  |  |  |

| CS-00083<br>CS-00085 | 26 | Progress Report dated 01/28/00 |
|---|---|---|
| CS-00188 | 27 | Report from Dr. Pisharodi dated 09/16/99 |
| CS-00189 | 28 | Report from Dr. Pisharodi dated10/20/99 |
| CS-00191 | 29 | Report from Dr. Pisharodi dated 10/08/99 |
| CS-00194 | 30 | Report from Dr. Pisharodi dated 11/02/99 |
| CS-00195<br>CS-00196 | 31 | Report from Dr. H. Pacheco Serrant dated 10/25/99 |
| CS-00200<br>CS-00201 | 32 | Report from Dr. Tijerina dated 09/27/99 |
| CS-00203 | 33 | Report from Dr. Pechero dated 11/30/99 |
| CS-00236<br>CS-00237 | 34 | Report from Dr. Pisharodi dated 07/11/00 |
| CS-00248 | 35 | Workers Compensation Note Print dated 04/11/99 |
| CS-00249 | 36 | Workers Compensation Note Print dated 04/14/99 |
| CS-00250 | 37 | Workers Compensation Note Print dated 04/14/99 |
| CS-00255 | 38 | Workers Compensation Note Print dated 04/14/99 |
| | | |

| UNITED STATES DISTRICT COURT   *   SOUTHERN  DISTRICT OF TEXAS |
|---|

| Noel Espinoza<br><br>vs.<br><br>The Laredo Coca Cola Bottling<br>Company Inc., et al | CASE NO. B-00-142 |
|---|---|
| | Witness List |
| Judge Felix Recio | Case Manager:  Stella Cavazos<br>Court Reporter:  Breck Record |
| List of<br>Plaintiff Noel Espinoza | Proceeding                Date |

1.     Mr. Noel Espinoza,
       54 Fresno Street
       Brownsville, TX  78520
       (956)  542-4647

            Plaintiff will testify as to liability and damages.

2.     Maria Guadalupe Espinoza
       54 Fresno Street
       Brownsville, TX  78520
       (956)  542-4647

            Plaintiff's wife will testify as to damages.

3.     Ms. Janie Olmos
       Valley Coca-Cola Bottling
       Company, Inc.
       2400 Expressway 83 West
       McAllen, TX  78501
       (956) 632-3796

            Employee of Defendant Coca-Cola, will testify as an adverse witness adverse on the issue of liability.

4.     Mr. Pete Carreon III
       414 Cottonwood Drive
       Freindswood, TX  77546
       (281) 993-0389

            Pete Carreon, former employee of Coca-Cola will testify as an adverse witness and possibly by deposition testimony on the issue of liability.

5.     Tamara Ross,
       Claim Representative
       P.O. Box 42927
       Houston, Texas  77242-2927
       (713) 787-4093

            Employee of Constitution, will testify as an adverse witness and possibly by deposition testimony on the issue of liability regarding Defendants Constitution and Continental.

AO 187 (Rev 7 87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

Southern      DISTRICT OF      Texas, Brownsville Division

Noel Espinoza

V

The Laredo Coca Cola Bottling, Continental
Casualty Co. and Constitution State Service Co.

## EXHIBIT AND WITNESS LIST

Case Number:  C A. No  B00-142

| PRESIDING JUDGE Judge Recio | | | | PLAINTIFF'S ATTORNEY Miguel Saldana | DEFENDANT'S ATTORNEY David Kitner. For Continental and Constitution |
|---|---|---|---|---|---|
| TRIAL DATE (S) | | | | COURT REPORTER | COURTROOM DEPUTY |

| PLF NO | DEF NO | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | P Dep. Ex. 1 Coca Cola letter dated 4/28/00 to Plaintiff (DEF-011) |
| | | | | | P Dep Ex 2 Dr. Pisharodi release to work 9/5/00 (DEF-013) |
| | | | | | P Dep. Ex. 3 Handwritten "Job Anniversary" Note |
| | | | | | P Dep. Ex. 4 Plaintiff's calendar |
| | | | | | P Dep. Ex. 5 Industrial Accident Report |
| | | | | | P Dep. Ex. 6 4/14/99 letter from Constitution to Plaintiff |
| | | | | | P Dep. Ex. 7 4/28/99 letter from Constitution to Plaintiff enclosing benefits |
| | | | | | P Dep. Ex. 8 TWCC letter to Insurance Carrier with list of 5 doctors for second opinion |
| | | | | | P Dep. Ex. 9 10/28/99 letter from Constitution to Plaintiff about Dr. Pechero |
| | | | | | P Dep. Ex. 11 12/20/99 letter from TWCC to Dr. Pisharodi about second opinion |
| | | | | | P Dep. Ex. 12 2/9/00 letter from TWCC to Plaintiff regarding result of second opinions |
| | | | | | P Dep. Ex. 15 10/4/00 letter from TWCC to Plaintiff regarding MMI |
| | | | | | P Dep. Ex. 16 Dr. Pisharodi Texas Rehab Commission note dated 9/12/00 |
| | | | | | 1/23/01 internal notes regarding Plaintiff (CS 00001) |
| | | | | | 9/28/00 letter from Dr. Pisharodi (CS 00005-7) |
| | | | | | 9/21/00 letter from Dr. Pisharodi (CS 00008-10) |
| | | | | | Dr. Pisharodi's recommendation for spinal surgery (CS 00051) |
| | | | | | Dr Pisharodi's amended recommendation for spinal surgery (CS 00057) |
| | | | | | Dr. Pisharodi's amended recommendation received by TWCC on 12/13/99 (CS 00071) |
| | | | | | Workers' Compensation Note Print p. 1-18 (CS 00240-257) |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size

Page 1 of _____ Pages

14.  **ATTACHMENTS**

    1.      Defendant's Constitution and Continental proposed Vori dire questions
    2.      Defendant's Coke proposed Vori dire questions
    3.      Plaintiff's proposed Vori dire questions
    4.      Defendant's Constitution and Continental Jury Charge
    5.      Defendant's Coke Jury Charge
    6.      Plaintiff's Jury Charge

10/17/2001  14:37    9555423651                    JACK G CARINHAS JR                    002
                                                                                    PAGE  16

Date: _____          _____
                                        **UNITED STATES DISTRICT JUDGE**

Approved:

Date: 10/18/01                          _____
                                        Attorney-in-Charge, Plaintiff

Date: 10-18-01                          _____
                                        Attorney-in-Charge, Defendant

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOEL ESPINOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  B-00-142 |
| | § | |
| THE LAREDO COCA COLA BOTTLING | § | |
| COMPANY, CONTINENTAL CASUALTY | § | |
| COMPANY AND CONSTITUTION | § | |
| STATE SERVICE COMPANY | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS CONTINENTAL CASUALTY COMPANY AND CONSTITUTION STATE SERVICE COMPANY'S REQUESTED VOIR DIRE QUESTIONS

COME NOW, Defendants Continental Casualty Company and Constitution State Service Company and files this their Requested Voir Dire Questions and would respectfully show the Court as follows:

I.

Defendant respectfully requests the Court's permission to ask the following questions of the jury panel during voir dire or that the Court ask the following questions of the jury panel during voir dire:

1.      Do you know any of the parties, lawyers or judge?

2.      Have you ever worked for any of the parties, lawyers or judge?

3.      Have any of your friends or relatives ever worked for the parties, lawyers or judge?

**DEFENDANTS CONTINENTAL CASUALTY COMPANY AND CONSTITUTION STATE SERVICE COMPANY'S REQUESTED VOIR DIRE QUESTIONS - Page 1**
668825.1/SPO/83395/1884/10172001

*Attachment 7*

4.    Where do you live?  How long have you lived there?

5.    How old are you?

A.    <u>Employment History</u>

6.    Who is your employer?

7.    How long have you been employed there?

8.    What are the duties and responsibilities of your present position?

9.    Are you a salaried or hourly employee?

10.    Do you have the authority to terminate employees?  Have you done so?

11.    Do you have the responsibility to evaluate employees' performance?

12.    What other significant or long-term jobs have you held in your working life?

13.    Is your spouse employed?

    a.    By whom?

    b.    What does he/she do?

    c.    Does he/she have the authority to terminate employees?

    d.    Has he/she ever terminated an employee?

B.    <u>Workers' Compensation</u>

This case involves claims based on the Texas Workers' Compensation Act.

14.    Are any of you familiar with the Texas Workers' Compensation Act?

15.    Have any of you ever filed a workers' compensation claim?

    a.    If so, did you receive workers' compensation benefits?  Why or why not?

---

**DEFENDANTS CONTINENTAL CASUALTY COMPANY AND CONSTITUTION STATE SERVICE COMPANY'S REQUESTED VOIR DIRE QUESTIONS - Page 2**

668825.1/SP0/83395/1884/10172001

b.   Who was the insurance company?  Were there any problems withe the insurance company or any disputes with the company?

c.   Was the claim handled to your satisfaction?

16.   Have any of you ever experienced an on-the-job injury?  If so, please describe the event and injury.

a.   Has anyone experienced a back injury?  If so, please describe the injury, what treatment you received and if you recovered.

17.   Does anyone know:

a.   The Plaintiff Noel Espinoza?

b.   Maria Guadalupe?

c.   Janie Olmos?

d.   Pete Carrion?

e.   Tamara Ross?

f.   Dr. Madhaven Pisharodi, orthopedic surgeon?

g.   Dr. Humberto Tijerina, orthopedic surgeon?

h.   Dr. Helson Pacheco, orthopedic surgeon?

i.   Dr. Ruben Pechero, orthopedic surgeon?

j.   Dr. Atkinson?

18.   If you are instructed that a workers' compensation carrier in Texas can request a second opinion from a doctor regarding whether an employee needs spinal surgery, will you follow that instruction?

19.     Have you, your family, or any of your friends or relatives filed a workers' compensation claim?

       a.     If so, did that person receive workers' compensation benefits?  Why or why not?

20.     Will you be able to treat a corporation the same as an individual?

21.     Would you be able to follow the Court's instruction that Defendant Constitution and Continental are entitled to a fair trial, based solely on the evidence and law, the same as an individual?

22.     Looking at yourself honestly, would you be able to follow my instruction to lay aside all sympathy, bias, and prejudice and base your decision solely on the evidence and law?

23.     Have you or a member of your family been either a witness or a party in any lawsuit?  If so, Plaintiff or Defendant?

       a.     If so, what was the nature of the involvement?

       b.     If so, what type of lawsuit?

       c.     Were you the plaintiff or the defendant?

24.     Do you know anything about the facts or parties of this case, other than what I have told you here today?

25.     Have you ever served as a juror in any court before?

       a.     If so, when, what court, and on what kind of case did you sit?

       b.     Did you render a verdict?

26.     This case involves workers' compensation.  Do you know any reason why you would be in any way prejudiced or biased as a juror in this case?

27.     Have you read, seen, or heard about this case?  What?

28.     Have you discussed this case with anyone?

29.     Is there anything else you think either of the attorneys should know about you when they decide if you could be a fair and impartial juror in this case?

Respectfully submitted,

DAVID N. KITNER
State Bar No. 11541500
Southern District No. 2669
AMANDA STAMPS
State Bar No. 24013553
Southern District No. 27023

STRASBURGER & PRICE. L.L.P.
901 Main Street, Suite 4300
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile:  (214) 651-4330

ATTORNEYS FOR DEFENDANTS
CONTINENTAL CASUALTY COMPANY
AND   CONSTITUTION   STATE   SERVICE
COMPANY

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been forwarded ~~by certified mail, return receipt requested,~~ to the following counsel of record, on this the 1 17th day of October, 2001.

Miguel A. Saldana – via Federal Express
302 Kings Highway, Suite 109
Brownsville, Texas 78521

Raymond A. Cowley
Rodriguez Colvin & Chaney, L.L.P.
4900 A-2N Tenth Street
McAllen, Texas 78504

John Bode
Miller & Martin
1000 Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402

DAVID N. KITNER

---

**DEFENDANTS CONTINENTAL CASUALTY COMPANY AND CONSTITUTION STATE SERVICE COMPANY'S REQUESTED VOIR DIRE QUESTIONS - Page 6**

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOEL ESPINOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  B-00-142 |
| | § | |
| THE LAREDO COCA COLA BOTTLING | § | |
| COMPANY, CONTINENTAL CASUALTY | § | |
| COMPANY AND CONSTITUTION | § | |
| STATE SERVICE COMPANY | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS CONTINENTAL AND CONSTITUTION'S REQUESTED JURY CHARGE AND INSTRUCTIONS

COME NOW, Defendants Continental Casualty Company and Constitution State

Service Company and files this their Requested Jury Charge and Instructions.

Respectfully submitted,

DAVID N. KITNER
State Bar No. 11541500
Southern District No. 2669
AMANDA STAMPS
State Bar No. 24013553
Southern District No. 27023

Attachment

STRASBURGER & PRICE. L.L.P.
901 Main Street, Suite 4300
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile:  (214) 651-4330

ATTORNEYS FOR DEFENDANTS
CONTINENTAL CASUALTY COMPANY
AND   CONSTITUTION   STATE   SERVICE
COMPANY

I.

Plaintiff states in the Pretrial Order that he is voluntarily withdrawing his negligence claim.  Defendants Continental and Constitution therefore do not submit an instruction on the negligence issue.  In the event, he is not withdrawing the negligence claim, Defendants Continental and Constitution re(1) quest an opportunity to submit a negligence question.

II.

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.   You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you

**<u>DEFENDANT'S REQUESTED JURY CHARGE</u> - Page 3**
668841.1/SP0/83395/1884/10172001

CIIsPDF - www.fasdss.com

may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

**DEFENDANT'S REQUESTED JURY CHARGE** - **Page 4**

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence -- such as testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances that indicates the existence or non-existence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

In this charge "Plaintiff" means Plaintiff Noel Espinoza. There are two sets of "Defendants." One is the Laredo Coca Cola Bottling Company. The other set is Continental Casualty Company and Constitution State Service Company, sometimes referred to as Continental and Constitution. As corporations, the Defendants may act only through natural persons as their agents or employees. In general, any agent or employee of a corporation may bind the corporation by acts and declarations made while acting within the scope of the authority delegated to the employee by the corporation, or within the scope of the person's duties as an employee of the corporation. Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[1]

## Workers' Compensation

Plaintiff Espinoza claims that the Defendant Continental violated the duty of good faith and fair dealing in handling the workers' compensation claim. The Workers' Compensation Act provides the following:

---

[1] Pattern Jury Instructions - Civil Cases, United States Fifth Circuit Judges Association § 2.13 (1999).

**DEFENDANT'S REQUESTED JURY CHARGE** - Page 5
668841.1/SP0/83395/1884/10172001

1.   Both an injured employee and a workers' compensation carrier have a right to request a second opinion when a treating physician recommends that an injured employee undergo spinal surgery.  28 Tex. Admin. Code § 133.206(e)(2).

2.   When seeking a second opinion, both the employee and the carrier must select the second opinion doctor from a list of qualified doctors maintained by the TWCC.  28 Tex. Admin. Code § 133.206(c).

3.   If the employee wishes to have a second opinion, he or his treating physician must notify the TWCC and request the list of qualified doctors. 28 Tex. Admin. Code § 133.206(e)(2).

4.   The treating physician then must submit a form to the TWCC with the name of the second opinion doctor chosen by the employee as well as information regarding when the second opinion appointment will take place.  28 Tex. Admin. Code § 133.206(e)(2).

5.   The second opinion appointment must occur within thirty days of the treating physician's submission of this form.  28 Tex. Admin. Code § 133.206(e)(2).

6.   Once the TWCC receives the treating physician's form recommending spinal surgery, the TWCC informs the carrier of the recommendation.  28 Tex. Admin. Code § 133.206(f).

7.   The TWCC simultaneously provides the carrier with a list of five doctors from which to select a second opinion doctor should the carrier elect to do so.  28 Tex. Admin. Code § 133.206(f).

8.   This option must be exercised by the carrier within fourteen days.  28 Tex. Admin. Code § 133.206(a)(5).

9.   If done, the carrier then schedules an appointment for its second opinion doctor to examine the injured employee.  28 Tex. Admin. Code § 133.206(g)(2).

10.  Then, the carrier notifies the employee of the appointment.  28 Tex. Admin. Code § 133.206(g)(4).

11.  A second opinion doctor, whether selected by the carrier or the employee, must call the TWCC within two days of his examination and report whether he concurs with the surgery recommendation.  28 Tex. Admin. Code § 133.206(i)(2).

12.  The second opinion doctor must also submit a narrative report to the TWCC, the carrier, and treating doctor within ten days of the examination summarizing his findings.  28 Tex. Admin. Code § 133.206(i)(2).

13.  If both doctors concur with the surgery recommendation, a carrier must generally pay for the reasonable and necessary costs of spinal surgery. 28 Tex. Admin. Code § 133.206(b)(1).

14.  If only one of the two doctors' second opinions concurs, the carrier has a right to request a contested case hearing to resolve the issue of whether the carrier will be liable for surgery.  28 Tex. Admin. Code § 133.206(k)(2).

15.     The request for this hearing must be filed within ten days after receipt of notice from the TWCC as to its decision to approve surgery.  28 Tex. Admin. Code § 133.206(k)(3).

16.     If the carrier fails to request a timely hearing or waives its right to do so, the carrier is liable for the cost of the spinal surgery.  28 Tex. Admin. Code § 133.206(b)."

QUESTION 1:

Did Defendant Continental Casualty Company fail to comply with its duty of good faith and fair dealing to Noel Espinoza?

An insurer fails to comply with its duty of good faith and fair dealing by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear;

ANSWER:     _____


If your answer to Question 1 is "Yes," then answer the following question.  Otherwise, do not answer the following question.[2]


QUESTION 2:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Noel Espinoza for his damages, if any, that were proximately caused by such conduct?[3]

---

[2]  Texas Pattern Jury Charge 110.1

[3]  Texas Pattern Jury Charge 110.14

**DEFENDANT'S REQUESTED JURY CHARGE - Page 8**

"Proximate cause" means that cause, which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.[4]

Consider the following elements of damages, if any, and none other:

> Loss of earnings sustained in the past.[5]

In answering questions about damages, answer each question separately.   Do not increase or reduce the amount in one answer because of your answer to any other question about damages.  Do not speculate about what any party's ultimate recovery may or may not be.  Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.  Do not add any amount for interest on damages, if any.[6]

Amount: $_____

FRAUD

QUESTION 3:

Did Defendants Continental Casualty Company and/or Constitution State Service Company commit fraud against Noel Espinoza?

> Fraud occurs when–

---

[4]  Texas Pattern Jury Charge 100.9

[5]  Texas Pattern Jury Charge 110.9

[6]  Texas Pattern Jury Charge 110.14.

**DEFENDANT'S REQUESTED JURY CHARGE** - Page 9
668841.1/SP0/83395/1884/10172001

a.      a party makes a material misrepresentation,

b.      the misrepresentation is made with knowledge of its falsity or made

recklessly without any knowledge of the truth and as a positive assertion,

c.      the misrepresentation is made with the intention that it should be acted on

by the other party, and

d.      the other party acts in reliance on the misrepresentation and thereby

suffers injury.

"Misrepresentation" means a false statement of fact.[7]

ANSWER: _____

If your answer to Question 3 is "Yes," then answer the following question.  Other wise

do not answer the following question.[8]

QUESTION 4:

What sum of money, if any, if paid now in cash, would fairly and reasonably

compensate Plaintiff Noel Espinoza for his damages, if any, that resulted from such

fraud?

Consider the following elements of damages, if any, and none other:

Loss of earnings sustained in the past.[9]

In answering questions about damages, answer each question separately.   Do

---

[7] Texas Pattern Jury Charge 105.1 and 105.2 and 105.3 ; *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 688 (Tex. 1990).

[8] Texas Pattern Jury Charge 110.1

[9] Texas Pattern Jury Charge 110.9

**DEFENDANT'S REQUESTED JURY CHARGE - Page 10**
668841.1/SP0/83395/1884/10172001

not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.[10]

Amount: $_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, on this the ___th day of October, 2001.

Miguel A. Saldana
302 Kings Highway, Suite 109
Brownsville, Texas 78521

Raymond A. Cowley
Rodriguez Colvin & Chaney, L.L.P.
4900 A-2N Tenth Street
McAllen, Texas 78504

John Bode
Miller & Martin
1000 Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402

DAVID N. KITNER

---

[10] Texas Pattern Jury Charge 110.14.

**DEFENDANT'S REQUESTED JURY CHARGE – Page 11**
668841.1/SP0/83395/1884/10172001

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE, TEXAS

| | | |
|---|---|---|
| NOEL ESPINOZA,<br>*Plaintiff* | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. B-00-142 |
| THE LAREDO COCA COLA<br>BOTTLING COMPANY, INC.,<br>CONTINENTAL CASUALTY<br>COMPANY and CONSTITUTION<br>STATE SERVICE COMPANY,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ | |

TO THE HONORABLE JUDGE OF SET COURT

    **NOEL ESPINOZA,** Plaintiff, requested Proposed Voir Dire Questions.

        Respectfully submitted,

        The Law Office of
        MIGUEL A. SALDAÑA
        302 Kings Highway, Suite 109
        Brownsville, Texas 78521
        Telephone:  (956) 541-6555
        Facsimile:  (956) 542-3651

By: _____
        MIGUEL A. SALDAÑA
        USDC No. 10954
        State Bar No. 17529450

        ATTORNEY FOR PLAINTIFF

## <u>Proposed Voir Dire Questions</u> - From Plaintiff Noel Espinoza

1) Are there any owners of small businesses that provide worker's compensation insurance to their workers?

    __ Is there anything about your ownership of your business that would not allow you to be fair and impartial to the parties.

2) Are there any individuals who work in areas of loss control, risk management or safety management?

    __ Is there anything about that job that would not allow you to be fait and impartial to the parties.

3) Are there any individuals who work in areas of insurance, specifically in adjusting claims?

    __ Is there anything about that job that would not allow you to be fait and impartial to the parties.

4) Are there any individuals in management or supervisory jobs that investigate accidents at work or are responsible for producing accident reports.

    __ Is there anything about that job that would not allow you to be fait and impartial to the parties.

5) Are there any individuals who feels workers take advantage of worker's compensation insurance such as by faking injury or taking longer than necessary to return to work after an injury?

    __ Having that opinion, do you feel that you could be fair and impartial to the parties.

6) Are there any individuals who believe that there are too many frivolous lawsuits filed recently.

    __ Having that opinion, do you feel that you could be fair and impartial to the parties.

7) Are there any individuals who have viewed commercials concerning lawsuit abuse?

1

CutePDF - www.fineda.com

8)   Are there any individuals that believe these lawsuit abuse commercials represent the true concerning lawsuits?

9)   Are there any individuals who could not award mental anguish damages or for other non-monetary losses that the law allows?

10)  Are there any individuals who could not award punitive damages?

CutePDF - www.fastio.com

## (DEFENDANT'S  CONTINENTAL CASUALTY COMPANY and CONSTITUTION STATE SERVICE COMPANY PROPOSED) CHARGE TO THE JURY

### LADIES AND GENTLEMEN OF THE JURY:

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial.  You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge.  In discharging your responsibility on this jury, you will observe all the instructions which have previously been given to you.  I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1.      Do not let bias, prejudice or sympathy plan any part in your deliberations.

2.      In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the court, that is, what you have seen and heard in this courtroom, together with the law as given to you by the court.  In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3.      Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

4.      You must not decide who you think should win, and then try to answer the questions accordingly.   Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5.      You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance.  Do not return a quotient verdict.  A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average.  Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6.      You may render your verdict upon the vote of ten members of the jury.  The same ten of you must agree upon all of the answers made and to the entire verdict.  You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than ten jurors.  If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict for the entire jury. If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

1

These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys and the judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

The presiding juror or any other who observes a violation of the court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again.

When words are used in this charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

Answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No." The term "preponderance of the evidence" means the greater weight and degree of credible evidence admitted in this case.

"Discharge" as used in this charge, means the release, dismissal, layoff or termination of the employee.

"Discriminate" as used in this charge means to retaliate against or to otherwise treat unequally.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

<u>Proposed by the Defendant</u>

QUESTION NO. 1

Did the Defendant discharge the Plaintiff in violation of Section 451.001 of the Texas

Workers' Compensation act?

Section 451.001 of ht Texas Workers' Compensation Act provides that no person

may discharge or in any other manner discriminate against an employee because the

employee has (1) in good faith filed a claim for workers' compensation benefits, (2) hired a

2

CutePDF - www.tesita.com

lawyer to represent him in a claim, or (3) has instituted or caused to be instituted in good faith any proceeding under the Texas Workers' Compensation Act.

An employee is discharged in violation of Section 451.001 the Texas Workers' Compensation Act if the above-mentioned conduct which is protected by the act was a deterring cause, but not necessarily the only cause, in the decision to discharge the employee. Such protected conduct on the part of the employee is a determining cause of the discharge if and only if the discharge would not have occurred when it occurred had the employee not engaged in the protected conduct listed above.

A discharge which results from the uniform application of a non-discriminatory policy is not a violation of the Texas Workers' Compensation Act, even if the policy's application negatively affected an employee who had made a claim for workers' compensation benefits.

Answer "Yes or "No."

Answer: _____

Accepted                    _____

Rejected                    _____

Accepted as Modified        _____

_____
Judge Presiding

See:  Continental Coffee Products v. Cazarez, 937 S.W.2d 444 (Tex. 1996); Texas Division-Tratner, Inc. v. Carrozza, 876 S.W.2d 312, 313 (Tex. 1994); Palmer v. Miller Brewing Co., 852 S.W.2d 57, 61 (Tex. App. - Fort Worth 1993; no writ).

3

<u>Proposed by the Defendant</u>

QUESTION NO. 2

That sum of money, if any, if paid now in cash, do you find preponderance of the evidence would reasonably and _____ compensate the Plaintiff for damages sustained as a ____ of the conduct, if any, of the Defendant.

You are instructed that an employee has the duty to _____ his damages by making a good-faith effort to obtain and ___ employment that he or she is qualified to perform, and _____ person cannot recover for wages for any period after ___or he or she found or reasonably should have found similar or ___employment.

You are further instructed that workers' compensation __provides the sole and exclusive remedy for all work- ___ illnesses and injuries, and that the Plaintiff cannot __ in this proceeding for lost wages, and similarly cannot ___ in this lawsuit for physical or emotional pain and ____, to have resulted from her work-related injury.

In answering this question, you may consider only the ___ of damages separately, so as not to include damages for ___ in any other element.

Answer in dollars and cents for  damages, if any, or "None."

(1)     Lost wages and employment benefits in the past;

        Answer: _____

(2)     Lost wages, diminished earning capacity and employment benefits which Noel Espinoza in reasonable probability would have been entitled to in the future:

        Answer: _____

(3)     Mental anguish suffered in the past;

4

Answer: _____

(4)    Mental anguish that, in reasonable probability will be incurred in the future:

Answer "Yes or "No."

Answer: _____

Accepted             _____

Rejected              _____

Accepted as Modified    _____

_____
Judge Presiding

See: Tex. Labor Code, Section 408.001.

<u>Proposed by the Defendant</u>

QUESTION NO. 1

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means:

(a)    a specific intent by the The Laredo Coca-Cola Bottling Company, Inc. to cause substantial injury to Noel Espinoza; or

(b)    an act or omission by The Laredo Coca-Cola Bottling Company, Inc.,

(i)     which, when view objectively from the standpoint of The

Laredo Coca-Cola Bottling Company, Inc., at the time of its

occurrence involved an extreme degree of risk, considering

the probability and magnitude of the potential harm to

others; and

(ii)    of which The Laredo Coca-Cola Bottling Company, Inc., had

actually, subjective awareness of the risk involved, but

nevertheless of the risk involved, but nevertheless p

proceeded with conscious indifference to the rights,

safety or welfare of others.

A corporation is liable for exemplary damages if it authorizes or ratifies an

agent's malicious conduct.  A corporation is also liable for exemplary damages if it acts

maliciously through the actions or inactions of a vice principal.  A "vice principal" of a

corporation is a person who has the authority to hire, discharge, and direct employees

of the corporation or has the authority to manage the entire corporation or has the

authority to manage the entire corporation or a department or a division of its business.

Determining whether an act or omission involves an extreme degree of risk

requires an examination of the events and circumstances from the viewpoint of the

Defendant at the time the events occurred.

The mere violation of the Texas Labor Code Sec. 451.001 does not constitute

"actual malice."

6

CPDF – www.fastio.com

Do you find by clear and convincing evidence of the harm to Noel Espinoza resulted from The Laredo Coca-Cola Bottling Company, Inc.'s malice?

Answer "Yes or "No."

Answer: _____

Accepted                    _____

Rejected                    _____

Accepted as Modified        _____

_____

Judge Presiding

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror--

1.    to preside during your deliberations,

2.    to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3.    to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4.    to vote on the questions,

5.    to write your answers to the questions in the spaces provided, and

6.    to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_____
JUDGE PRESIDING

CItAPDF - www.fastio.com

## <u>Proposed Voir Dire Questions</u> - From Defendant Laredo Coca-Cola Bottling Company

1.    Have you or a close friend or relative ever been terminated from a job?

    2.    If yes, reason for termination?

    3.    Would this experience make it difficult for you to remain objective as you hear the evidence presented in a case involving the termination of someone from their job?

4.    Have you or a close friend or relative ever sued an employer for any reason?

    5.    If yes, why?

    6.    If yes, what was the outcome of suit?

    7.    If yes, what was name of employer?

    8.    Would this experience make it difficult for you to remain objective as you hear the evidence presented in a case where an employee is suing his employer?

9.    Have you or a close friend or relative ever been injured on the job?

    10.    If yes, did you (or friend or relative) make a claim against employer?

    11.    If yes, outcome of claim?

    12.    Would this experience make it difficult for you to remain objective as you hear the evidence presented in a case where the plaintiff was injured on the job?

13.    Have you or a close friend or relative ever been sued by anyone?

    14.    If yes, why -- what kind of lawsuit?

    15.    If yes, what was the outcome of suit?

    16.    Would this experience make it difficult for you to remain objective as you hear the evidence presented in this case?

17.    Have you or a close friend or relative ever sued anyone?

    18.    If yes, why -- what kind of lawsuit?

1

19. If yes, what was the outcome of suit?

20. Would this experience make it difficult for you to remain objective as you hear the evidence presented in this case?

21. Will anything you know about Laredo Coca-Cola Bottling Company, who is being sued in this case, make it difficult for you to remain objective as you hear the evidence presented in this case?

22. For instance, the fact that Laredo Coca-Cola is a corporation – will this fact make it difficult for you to remain objective as you hear the evidence presented in this case?

23. What about the fact that Laredo Coca-Cola distributes Coca-Cola products? Anything about this fact make it difficult for you to remain objective as you hear the evidence presented in this case?

24. Will anything you have read in the newspaper, seen on television, heard on the radio or from other people about either Laredo Coca-Cola Bottling Company or Coca-Cola generally make it difficult for you to remain objective as you hear the evidence presented in this case?

25. Do you know anyone who works for Coca-Cola – either in Texas or elsewhere?

26. If yes, would this association make it difficult for you to remain objective as you hear the evidence presented in this case?

27. Do you know anyone who works for another soft-drink company – either in Texas or elsewhere?

28. If yes, would this association make it difficult for you to remain objective as you hear the evidence presented in this case?

29. Will the fact that the plaintiff in this case, Mr. Espinoza, is an individual who is suing a corporation he used to work for make it difficult for you to remain objective as you hear the evidence presented during this case?

30. Do you know Pete Carreon? Janie Olmos? Noel Espinoza? Maria Guadalupe Espinoza? Ken Williams? Wendy Lawson? Teri Danish or any member of her firm Rodriguez, Colvin & Chaney? Miguel Saladana or any member of his law office?

2

31.   If yes, will your association with _____ make it difficult for you to remain objective as you hear the evidence presented during this case?


Proposed Jury Charge – from Defendant Laredo Coca-Cola Bottling Company

Defendant requests that *Pattern Jury Instructions of the Fifth Circuit* 1.1; 2.1 - 2.23 be used with the exception of 2.2, 2.17, 2.19.   Also use *Pattern Instructions*, 3.1 and 15.1-15.3, 15.13, 15.14 and 15.15.

Defendant also requests the following special jury instructions:

Family and Medical Leave Act

Plaintiff has brought a claim against Defendant Laredo Coca-Cola in this case alleging a violation of the Family and Medical Leave Act.   The Family and Medical Leave Act provides in part that employees are to be provided with twelve weeks of job-protected leave if the employee has a serious medical condition.   The Family and Medical Leave Act also provides that employees are to be notified of their rights under this Act.

In this case, there is no dispute that Plaintiff had a serious medical condition.   There is also no dispute that he was provided with twelve weeks of job-protected leave. However, Plaintiff is claiming that Defendant Laredo Coke has nonetheless violated his FMLA rights because he did not receive notice of his rights under the Family and Medical Leave Act.   In determining whether Plaintiff has a claim under the FMLA, you must determine two issues based on the evidence presented during the trial of this case.

(1)   Did Defendant Laredo Coke provide the Plaintiff with notice of his rights under the FMLA?

Answer "yes or "No."

Answer: _____

Accepted          _____

Rejected          _____

Acceptable as Modified     _____

_____
Judge Presiding

3

(2) If Laredo Coke did not provide this notice, did this failure affect Plaintiff's exercise of his substantive rights under the FMLA?

>   Answer "yes or "No."
>
>   Answer: _____
>
>   Accepted            _____
>
>   Rejected            _____
>
>   Acceptable as Modified       _____
>
>   _____
>   Judge Presiding

In other words, in order to find that Defendant Laredo Coke has violated the Family and Medical Leave Act in this case, you must find that this Defendant's failure to provide this notice caused the Plaintiff to forfeit some of his rights under the FMLA. If you find that Defendant Laredo Coke did fail to provide notice to Plaintiff of his FMLA rights, but that Plaintiff was provided with these rights anyway, you cannot find that Defendant's mere failure to provide such notice violated the FMLA.

Authority:   Antoine-Tubbs v. Local 513, Air Transport Div., Transport Workers Union of America, AFL-CIO, 50 F. Supp.2d 601, 618 (N.D.Tex. 1998), aff'd, 190 F.3d 537 (5th Cir. 1999); Ragsdale v. Wolverine Worldwide, Inc., 218 F.3d 933, 940 (8th Cir. 2000), cert. granted, 121 S. Ct. 2548, 150 L. Ed.2d 716, 2001 U.S. LEXIS 4707 (U.S., June 25, 2001); Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155, 158 (2nd Cir. 1999); McGregory v. Autozone, Inc., 180 F.3d 1305, 1308 (11th Cir. 1999); and Gilbert v. Star Building Systems, 1997 U.S. App. LEXIS 30034 *1 (10th Cir., Oct. 30, 1997)

Damages Permitted Under the Family and Medical Leave Act

If you find by clear and convincing evidence that Plaintiff has shown that Defendant has violated the Family and Medical Leave Act, you may award Plaintiff any or all of the following types of relief:

>   (a)   actual wages lost by Plaintiff as a result of the violation; and
>   (b)   interest on this amount.

or

>   (a)   actual losses sustained as a direct result of the violation; and
>   (b)   interest on this amount.

4

If you find that Defendant committed a violation of the Family and Medical Leave Act in bad faith or with reason to believe that it was violating the Act at the time of doing so, then you may double the amount of actual damages you determine were caused by this violation.

You may not award punitive damages in connection with a violation of the Family and Medical Leave Act.    You also may not award mental or emotional damages in connection with a violation of this Act.

*Authority:   29 U.S.C. § 2617.*

5

CitriPDF - www.fasilia.com

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE, TEXAS

| | | |
|---|---|---|
| NOEL ESPINOZA, | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-142 |
| | § | |
| THE LAREDO COCA COLA | § | |
| BOTTLING COMPANY, INC., | § | |
| CONTINENTAL CASUALTY | § | |
| COMPANY and CONSTITUTION | § | |
| STATE SERVICE COMPANY, | § | |
| *Defendants* | § | |

TO THE HONORABLE JUDGE OF SET COURT

NOEL ESPINOZA, Plaintiff, requested jury charge and instructions.

Respectfully submitted,

The Law Office of
MIGUEL A. SALDAÑA
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Telephone:  (956) 541-6555
Facsimile:  (956) 542-3651

By: _____
MIGUEL A. SALDAÑA
USDC No. 10954
State Bar No. 17529450

ATTORNEY FOR PLAINTIFF

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember three things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentions falsehood or simply an innocent

1

CDsPDF - www.fosbo.com

remembers it, because people may forget some things or remember three things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentions falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

White you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence-- the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field--he is called an expert witness-- is permitted to state

.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

Question No. 1

Did Laredo Coke discharge Noel Espinoza because he filed a worker's compensation claim in good faith.

There may be more than one cause for an employment decision. An employer does not discharge an employee for filing a worker's compensation claim in good faith if the employer would have discharged the employee when it did even if the employee had not filed a worker's compensation claim in good faith.

Answer:   Yes _____

No _____

Question NO. 2

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Noel Espinoza for his damages, if any, that resulted from such conduct?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you may find.

3

Reduce lost wages, if any, by wages earned, if any, in the pasts and wages, if any, which in reasonable probability will be earned in the future.

Answer separately, dollars and cents for damages, if any.

a.      Lost earnings and employee benefits in the past between the date of the discharge and today.

Answer:      _____

b.      Lost earnings and employee benefits that in reasonable probability will be lost in the future.

Answer:      _____

c.      Compensatory damages in the past, which may include mental anguish and other nonpecuniary losses.

Answer:      _____

d.      Compensatory damages in the future, which may include include mental anguish and other nonpecuniary losses.

Answer:      _____

If you have answered "Yes" to Question No.1, then answer the following question. Otherwise, do not answer the following question.

Question No. 3

Do you find by clear and convincing evidence that the harm to Noel Espinoza resulted from malice or fraud.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means:

(a)      a specific intent by Laredo Coke to cause substantial injury to Noel Espinoza; or

4

(b)    an act or omission by Laredo Coke,

        (I)    which, when viewed objectively from the standpoint of Laredo Coke at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

        (ii)    of which Laredo Coke had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Answer: _____

Question No. 4

What sum of money if any should be awarded to Noel Espinoza against Laredo Coke as exemplary or punitive damages.

"Exemplary damages" are any damages awarded as a penalty or by way of punishment.

The determination of whether to award exemplary damages, if any, you may consider any evidence you have heard relating to the nature of the wrong, the character of the conduct involved, the degree of culpability of the wrongdoer, the situation and sensibilities of the parties concerned, the extent to which the conduct offends a public sense of justice and propriety, and the net worth of the defendant.

Answer in dollars and cents fro exemplary damages, if any.

Answer : $_____ ---

Question No. 5

Family and Medical Leave Act

5

Plaintiff has brought a claim against Defendant Laredo Coca-Cola in this case alleging a violation of the Family and Medical Leave Act.   The Family and Medical Leave Act provides in part that employees are to be provided with twelve weeks of job-protected leave if the employee has a serious medical condition.   The Family and Medical Leave Act also provides that employees are to be notified of their rights under this Act.

In this case, there is no dispute that Plaintiff had a serious medical condition. However, Plaintiff is claiming that Defendant Laredo Coke has nonetheless violated his Family and Medical Leave Act rights because he did not receive notice of his rights under the Family and Medical Leave Act.   In determining whether Plaintiff has a claim under the FMLA, you must determine two issues based on the evidence presented during the trial of this case.

(1)    Did Defendant Laredo Coke provide the Plaintiff with notice of his rights under the FMLA?

Answer:

Yes _____

No _____


(2)    If Laredo Coke did not provide this notice, did this failure affect Plaintiff's Noel Espinoza exercise of his substantive rights under  the FMLA?

Answer:

Yes _____

No _____

(3)    If you find by clear and convincing evidence that Noel Espinoza has shown that Laredo Coke has violated the Family and Medical Leave act, you may award Noel Espinoza any or all of the following types of relief:

(a) actual losses sustained as a direct result of the violation and interest on this amount.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Noel Espinoza for his damages, if any, that were proximately caused by such conduct?

6

(4)    If you find that Laredo Coke committed a violation of the Family and Medial Leave Act in bad faith or with reason to believe that it was violating the act at the time of doing so, then you may double the amount of actual damages you determine were caused by this violation.

Do you find that Laredo Coke acted in bad faith in violating Noel Espinoza FMLA rights?

Answer:

Yes _____

No. _____


Question No. 6:

Did Defendant Continental Casualty Company fail to comply with its duty of good faith and fair dealing to Noel Espinoza?

An insurer fails to comply with its duty of good faith and fair dealing by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear;

Answer:    _____

If your answer question 1 is "Yes," then answer the Question. Otherwise, do not answer the following question.

Question 6:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Noel Espinoza for his damages, if any, that were proximately caused by such conduct?

Answer:    _____

"Proximate cause" means that cause, which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

7

Consider the following elements of damages, if any, and none other:

Loss of earnings sustained in the pasts.

In answering questions about damages, answer each question separately.  Do not increase or reduce the amount in one answer because of you answer to any other question about damages.  Do not speculate about what any party's ultimate recovery may or may not be.  Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.  Do not add any amount for interest on damages, if any.

Amount:  $_____

FRAUD

QUESTION

Did Defendants Continental Casualty Company and/or Constitution State Service Company commit fraud against Noel Espinoza?

Fraud occurs when--

a.     party makes a material misrepresentation,
b.     the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion,
c.     the misrepresentation is made with the intention that it should be acted on by the other party, and
d.     the other party acts in reliance on the misrepresentation and thereby suffers injury.

"Misrepresentation" means a false statement of fact.

ANSWER:  _____

If you answer to Question ___ "Yes," then answer the following question.  Other wise do not answer the following question.

QUESTION

What sum of money, if any, if paid  now in cash, would fairly and reasonably compensate Plaintiff Noel Espinoza for his damages, if any, that resulted from such fraud?

Consider the following elements of damages, if any, and none other:

8

Loss of earnings sustained in the past.

In answering questions about damages, answer each question separately.  do not increase or reduce the amount in one answer because of you answer to any other question about damages.   Do not speculate about what any party's ultimate recovery may or may not be.  Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.  Do not add any amount for interest on damages, if any.

Amount:  $_____

9